JOSEPH LANE *et al.*, Appellants, *v.* WILLIAM T. ADAMS, Appellee.

APPEAL FROM CLARK.

Where a contract has been fully executed, and nothing remains to be done under it but the payment of money, which the defendant is to do, the plaintiff may recover in indebitatus assumpsit under the common counts.

A promissory note, as a rule of pleading, may be recovered under the common money counts.

THIS was a proceeding instituted in the Clark Circuit Court, by William T. Adams, against Joseph Lane, James McCabe,

Lewis Bradley and William Calvert, by action of assumpsit, at June term, A. D. 1857, of said court.

The record shows that the summons issued in this cause was served upon all of said defendants, except William Calvert, who was not found. It also shows that the declaration contained a special count on a promissory note, and also the common counts for money "had and received," for "money paid, laid out," etc., for "money lent," and for "money due on account stated."

The plea of the general issue was filed.

The said cause came on to be tried, a jury was waived, and the case submitted to the court, and the court gave judgment for plaintiff for $376.80, and costs of suit. Harlan, Judge presided.

The defendants excepted to the opinion of the court in refusing to non-suit the said plaintiff, and also to the decision of the court in rendering judgment for said plaintiff.

The bill of exceptions shows that said plaintiff offered in evidence the note on which said suit was brought, to the introduction of which the defendants objected; that the court sustained the objection; that then plaintiff called two witnesses, who testified that they witnessed the execution of said note, and that defendants signed the same, and that they (witnesses) heard the contract between plaintiff and defendants, and that the consideration of note was in part for certain real estate sold.

Bill of exceptions shows that defendants moved the court to non-suit plaintiff, which motion the court overruled, and gave judgment for the amount due upon the note. Exceptions further show that the defendants excepted to the overruling of the motion for non-suit, and to the judgment for the plaintiff.

C. H. Constable, for Appellants.

S. T. Logan, for Appellee.

Skinner, J. This was an action of assumpsit. The declaration contained a special count upon a promissory note, executed by the defendants to the plaintiff below, and the common money counts. The defendants pleaded the general issue, and the cause was tried by the court. Upon the trial, the plaintiff offered in evidence a promissory note, executed by defendants to the plaintiff, but the same being objected to as variant from that described in the special count, was rejected.

The plaintiff then proved the execution of the note by the defendants, and that the consideration of it was real estate, sold

by the plaintiff to another party, and offered the note in evidence, under the common counts. The court admitted the note under those counts, and rendered judgment for the plaintiff.

Where a contract has been fully executed on the part of the plaintiff, and nothing remains to be done under it but the payment of money, which payment it is the duty, under the contract, of the defendant to make, the plaintiff need not declare specially, and may recover in *indebitatus* assumpsit. 2 Phillips' Ev., chap. 9, p. 108.

A promissory note imports a consideration, and it is unnecessary, under the general issue, to prove a consideration *aliunde;* and it is wholly immaterial whether the real consideration be money lent, work and labor, land sold, a balance found due upon an account stated, or other thing that is money's worth.

It is a money demand, payable absolutely, containing its own evidence of consideration, and, as a rule of pleading, may be recovered under the common money counts.

These counts were originally introduced to afford facility and certainty in actions for mere money demands, avoiding the prolixity of special counts, and the hazard of variance from particular description of the contract sued on. The gist of these counts being money due, the note was recoverable under them, whatever might have been the consideration (good in law) for which it was given. This is directly decided in the following cases: *Smith* v. *Van Loan*, 16 Wend. R. 659; *Payson* v. *Whitcomb*, 15 Pick. R. 212; *Hughes* v. *Wheeler*, 8 Cow. R. 77.

*Judgment affirmed.*