## McDaniel as ad. vs. Parks.

Though the verdict of a jury be contrary to the judgment of the appellate court, it will not be set aside, unless there is a total want of evidence to sustain it.

If the plaintiff prove that he worked on the plantation of the defendant, as an overseer, with his knowledge and consent, the law will imply a contract between the parties, and the plaintiff is entitled to recover, under the indebitatus count, a reasonable sum for his services.

Where an overseer is employed for the whole year, and is discharged without just cause before the year expires, and does not find valuable employment, he is entitled to recover a reasonable sum for the whole year. (*Walworth vs. Pool*, 4 *Eng.* 397.)

If a planter employ an overseer for a year, and the services are commenced in the lifetime, and continued and completed after the death of the planter, the overseer has a right of action against the administrator, as such, for the whole period: but, if the administrator employ an overseer, he is personally liable.

If, in a declaration against an administrator, upon a contract made with the intestate, there is added a count upon a contract made with the administrator, this is a misjoinder of causes of action, and may be taken advantage of on error; and the judgment will be reversed, unless it clearly appear that there was no finding on the count upon the contract with the administrator.

*Appeal from Hempstead Circuit Court.*

Hon. JAMES L. WITHERSPOON, Special Judge.

WATKINS & GALLAGHER, for appellant.

Declaration bad for joinder of counts for liability as administrator and individually. 1 *Tidd's Pr.* 11, 12, 13; 3 *Barn. & Ald.* 101; 2 *Saund. R.* 117.

If the plaintiff seeks to recover on an express contract, the law cannot *imply one*. 2. *Pick.* 275; 9 *Ala.* 108.

First instruction of plaintiff wrongfully given—also the fourth; because plaintiff should have used reasonable diligence to have obtained employment. 3 *Greenl.* 51, 55. 4 *Eng.* 401.

CUMMINS & GARLAND, for the appellee.

Implied contract as binding as an express, when proved; and if a party sees and knows that another works on his property, and acquiesces in it, he will be held liable for such work. *Chit. Con.* 19, 27; 1 *Parsons Con.* 541.

The measure of damages, where an overseer is turned off without cause, is the actual loss sustained—if he get like employment this will go in mitigation of damages. *Pool vs. Walworth*, 4 *Eng.* 394.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

On the 28th of August, 1854, Parks brought assumpsit against McDaniel, as administrator of Finn, in the Hempstead Circuit Court. There were three counts in the declaration.

●1. A special count, alleging that on the first of January, 1854, Finn employed the plaintiff to oversee his plantation for twelve months, for which he agreed to pay him $350. That the plaintiff entered into the service of Finn, under the contract, and faithfully discharged his duties until the death of Finn, and from thence until the 22d of April, 1854, when there was due to the plaintiff, under the contract, $200, and when McDaniel, as the administrator of Finn, without any just cause, discharged the plaintiff against his will, etc.

2. Indebitatus count for services rendered by plaintiff to Finn, in his lifetime, as an overseer.

3: A like count for services rendered by the plaintiff, as an overseer upon the plantation of Finn, for the defendant, and at his request, as such administrator, etc.

The defendant asked for a bill of particulars, and the plaintiff filed the following account:

JAMES McDANIEL, as administrator
of the estate of Richard Finn, deceased,
In acc't with JOHN M. D. PARKS,     *Dr.*
To attention and services as overseer on the planta-
tion of said Richard H. Finn, for the year 1854,    $350 00

CR.

By cash received of R. H. Finn,············ $60 00
.  do       do       James McDaniel······· 50 00   110 00

$240 00

It appears that the account, properly sworn to, was presented to the defendant, as the administrator of Finn, for allowance, on the 28th of August 1854, and rejected.

The defendant filed two pleas: 1st, non assumpsit; 2d, part payment in satisfaction of the whole demand, etc., and gave notice for recoupment.

The cause was tried by a jury, and verdict in favor of plaintiff, for $90. Motions for a new trial, and in arrest of judgment overruled, final judgment upon the verdict, and appeal by defendant.

1. It is insisted that the finding was upon the special count, and without evidence to sustain it.

The evidence conduces to prove that Parks commenced to oversee the plantation of Finn, on Red river, 1st January, 1854, and continued until 22d April, following, when he was dismissed by the appellant, as the administrator of Finn, and the plantation placed under the charge of another overseer. That Finn died 1st April, 1854. The witnesses state that the usual price for overseeing such a plantation, was from $300 to $400 per annum, none of them going higher than the latter sum. Parks, therefore, served three months and twenty-two days, which, at the rate of $400, the highest sum proved, amounts to about $124 21; from which deduct $60 paid him by Finn, in his lifetime, and $50 paid by the administrator, as shown by the proof, and admitted in the bill of particulars, and the balance due him would be about $14 21. The jury could not, therefore, have rendered a verdict in favor of Parks for $90, under the indebitatus count, but must have based their finding on the special count upon the alleged contract of employment for the year as an entirety. And it is upon this aspect of the verdict

43

that the appellant insists that a new trial should have been awarded, or the judgment arrested.

That Finn employed Parks to oversee for him, there can be no doubt. That he commenced about the first of January, and continued until the death of Finn, and until dismissed by his administrator, is likewise manifest from the evidence. There is no direct proof that he was employed for the year. One of the witnesses (Jones,) testified that he was a planter on Red River. That it was usual and customary on the River, to employ an overseer by the year for a stipulated price.

He also stated that it was invariably understood, at the time of making agreements between overseer and planter, that the latter might discharge the former at any time when he became dissatisfied, paying him for his services, for the time he served, at the rate of the price for the year; and the overseers always reserved to themselves the right to quit at any time upon becoming dissatisfied, and to settle and receive their wages in proportion to the time they had served. That it was usual to keep the same overseer the entire year. That some men did not. That he had known Finn, in his life time, to have four or five overseers in the same year.

If the jury believed from the testimony of Jones, that it was the usual custom among planters on Red River to employ overseers by the year, they had the right to infer from such custom that Finn employed Parks for the entire year.

If they believed the remainder of Jones' statement, that it was invariably understood, in making such contracts, that the planter reserved the right to discharge the overseer at any time, paying him for the time he had served, etc., then they could not have found in favor of Parks on the special count. But the jury might have believed the first part of his statement, and disbelieved the other. It was their peculiar province to determine this matter, and we cannot invade that province by setting aside their judgment upon such questions of fact. We cannot say that there was a total want of evidence to sustain a

finding upon the first count; though the verdict was contrary to our judgment upon all the evidence.

2. At the instance of Parks the Court instructed the jury as follows:

" *First*. If the jury believe from the evidence that Parks worked as an overseer on the plantation of Finn, with the knowledge and consent of Finn, the law will imply a contract between the parties, and the jury must find for the plaintiff a reasonable sum for the time he acted there as overseer.

" *Fourth*. If the jury believe from the evidence that Finn employed Parks for the whole of the year 1854, as an overseer, and McDaniel discharged him therefrom without just cause before the year had expired; and that he lost employment, and did not find any lucrative employment for the year 1854, they must find for the plaintiff in a reasonable sum for the whole of said year."

The appellant excepted to the giving of these instructions, and made this one of the grounds of his motion for a new trial.

The first instruction was applicable to the second count, and unobjectionable.

The fourth instruction was applicable to the special count, and in accordance with *Walworth vs. Pool*, 4 *Eng*. 397.

There were instructions given on the part of the appellant which fairly submitted the question whether a contract had been proven under the special count, etc., to the jury.

3. A further ground of the motion for a new trial, is that the Court erred in refusing instructions moved by the appellant. It seems that he asked eight instructions. The bill of exceptions is in blank as to which of them were given, and which refused. In the margin of the paper upon which the instructions are copied, opposite to some of them, the words " no objections" are written; opposite to others, the word "given," is written, and opposite to others, the word " rejected." Assuming that these notes were made by the judge, and considering the instructions refused in connection with those given, we think there was no error in the ruling of the Court in reference to them. Upon all

of the instructions, as above indicated, the sufficiency of the proof to warrant a finding upon the special count was very fairly submitted to the jury.

4. It is submitted that the judgment should have been arrested, for a misjoinder of causes of action. That the third count in the declaration is upon a personal contract alleged to have been made by the administrator, after the death of Finn, and could not be joined with the first and second counts, which are upon alleged contracts made by Finn in his life time.

If a planter employ an overseer for a year, and the services are commenced in the life time of the planter, but continued and completed after his death, the overseer has a right of action against his administrator as such, upon the contract, for the whole period of service.

But if an administrator employ an overseer to manage the plantation of his intestate, he is personally liable to the overseer upon the contract, and must apply to the Probate Court for an allowance of the amount properly and necessarily expended by him, as part of the expenses of administration. *Bomford et al. vs. Grimes as ad.*, 17 *Ark.* 567.

The third count was therefore improperly inserted in the declaration. But it is manifest from the bill of particulars and the evidence, that the finding was upon the first count,—that there was no finding upon the third count. The judgment will not therefore be reversed, because the bad count was inserted, there being no finding upon it. This objection was not taken in the motion in arrest, but we have considered it, because if it did not clearly appear that there was no finding on the third count, the objection would be fatal on error. *Dig. ch.* 126, *sec.* 119; See *Kingsley vs. Bill et al.*, 9 *Mass.* 199 *and note*; *Baker vs. Sanderson*, 3 *Pick.* 348; *Cornwall vs. Gould*, 4 *Pick.* 446; *Barnard vs. Whiting et al.*, 7 *Mass.* 358.

The judgment is affirmed.