Syllabus.

## THE MOUNT HOPE CEMETERY ASSOCIATION

*v.*

## JACOB WEIDENMANN.

*Filed at Ottawa October 31, 1891.*

1. MASTER AND SERVANT—*wrongful discharge of servant—right of action—measure of damages.*  Where the master, without good cause, discharges his servant, the latter, upon notice of his dismissal, may immediately bring his action for a breach of the contract, or he may wait until the expiration of his term of employment. If he sues before the termination of the contract by its terms, and the action is not tried until after the period of his service has expired, he will be entitled to recover for the whole time, less payments made, and such sum as he has, or might by reasonable diligence have, earned subsequent to the breach.

2. A servant wrongfully discharged may treat the contract of hiring and service as continuing, and bring a special action against his master for breaking it by discharging him; and this remedy he may pursue whether his wages are paid up to the period of his discharge or not, or if his wages are not paid up to the time of his discharge he may treat the contract of hiring and service as rescinded, and sue his master upon a *quantum meruit* for the services he has actually rendered.

3. A plaintiff, by filing the common counts, can not be said to elect to proceed upon the *quantum meruit*, and the discharge of the plaintiff without cause, and thereby preventing full performance on his part, will not affect his right to recover for services before that time rendered.

4. In view of the fact that the servant may die or become incapable of performing before the expiration of the term of his employment, and the uncertainty of the wages or emoluments he may be able to earn in the future, this court adopts the rule that the plaintiff shall be limited to his actual loss at the time of the trial. A servant wrongfully discharged is not entitled, as a matter of law, to recover the full amount of the contract price, even after the expiration of the term, if he has earned other wages or received other compensation for his time and labor after the breach of the contract. What he has earned, or might by proper diligence have earned, must be deducted; and if he has earned more than the price agreed to be paid, he will be limited to nominal damages.

5. SAME—*form of action for breach of contract—pleadings—indebitatus assumpsit on contract under seal.*  Indebitatus assumpsit lies upon a written contract, though it be under seal, when the plaintiff has per-

| 139 | 67 |
| 68a | 159 |

| 139 | 67 |
| 69a | 592 |
| 70a | 53 |

| 139 | 67 |
| 173 | 225 |
| 71a | 641 |
| 72a | 109 |

| 139 | 67 |
| 83a | 364 |

| 139 | 67 |
| 98a | 1430 |

| 139 | 67 |
| 99a | 2295 |

| 139 | 67 |
| 101a | 1141 |

| 139 | 67 |
| 102a | 1 44 |

| 139 | 67 |
| 108a | 286 |

| 139 | 67 |
| 110a | 5342 |

| 139 | 67 |
| 213 | 5536 |
| 114a | 4431 |

formed, and nothing remains to be done under it but the payment of money, which payment it is the duty of the defendant, under the contract, to make; and in case of a part performance, when the performance of the remaining provisions of the contract has been waived or prevented and the work performed has been accepted, a recovery may be had for the contract price for the service performed.

6. But where the plaintiff, sues for a present breach of the contract, and seeks to recover, not for any one or more of the installments due or to become due according to the terms of the contract, but, once for all, the damages he has sustained by the breach of the contract by the defendant, the breach alleged should be the prevention of performance on his part, whereby he is deprived of profits and gains he would have realized by the completion of the contract. In such case, the averment that the plaintiff has been ready and willing to perform does not show that he is seeking to keep the contract alive and binding after suit brought, and such averment is not an issuable averment.

7. If the plaintiff seeks the enforcement of a contract of employment, payable in installments, he must proceed in accordance with its terms, and allege that the installments are due and unpaid, and can not recover for any installment before it becomes due by the terms of the contract.

8. Under a special count for breach of the contract the servant can not recover wages due for the period during which he has actually served, but a count for such wages may be added in the same action under which they may be recovered.

9. Under the special count the servant may recover such actual damages as he may sustain by his wrongful discharge, and under the common counts he may, in the same action, recover the wages due him so far as he has actually performed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

This is an action of assumpsit, brought by Jacob Weidenmann, against the Mount Hope Cemetery Association, to recover damages for a breach of contract of employment. The contract was in writing, dated September 29, 1885, the service to begin October 1, 1885, and to continue for the term of five years. The substance of the contract is as follows: First, the appellant, in consideration of the services and agreements

of the appellee, "has and does hereby appoint the said party of the second part its landscape engineer and gardener, and superintendent of the cemetery grounds;" second, appellant agreed to pay compensation for certain maps, etc., which is not in controversy in this case; third, appellant "further agrees to pay to said party of the second part a salary of $3500 per year for the space of five years, commencing October 1, 1885, payable monthly, on or before the 10th day of each month, for services of the preceding month during said term, or such portion of said term as the services of the said party of the second part may be satisfactory and rendered to the said party of the first part;" fourth, appellee, in consideration of the agreements of payment expressed in the contract, "accepts the said appointment upon the terms, conditions and agreements herein contained, and agrees that his entire services, skill and abilities as landscape engineer, gardener and superintendent, as aforesaid, shall be given and devoted to the employment and to the interest of the party of the first part during said term of five years, and that he will faithfully do and perform all services pertaining to said position that are or may hereafter be required of him by the said party of the first part during said term;" fifth, appellee agreed to move to Cook county and permanently reside there during the term of employment, and that he would prepare maps and plans necessary to commence and carry out the work of laying out and improving the cemetery grounds; sixth, "in case of any substantial breach of any or either of the terms of this contract by either party, the other party shall have the right to declare the contract forfeited, and the terms and agreements herein contained shall, upon such declaration being made in writing, be and become from thenceforth null and void."

On June 14, 1886, a meeting of the board of directors was held, at which the following resolution was passed and entered of record:

"Whereas, J. Weidenmann, the superintendent of the association, has refused to obey the instructions of the association as given him at various times· by the executive committee of the association; and whereas, he has not devoted his entire time to the service of the association, and has not performed the duties pertaining to his position to the satisfaction of the association; and whereas, such refusal and neglect, in the opinion of the directory, constitute a breach of the contract existing between the association and the superintendent thereof:

"*Resolved,* that the contract referred to, bearing date September 29, 1885, be and the same is hereby declared forfeited, and null and void, and that the secretary be and he is hereby instructed to notify J. Weidenmann, in writing, of the action of this board of directors."

It would seem that no notice was given to Weidenmann of this meeting, or of the dissatisfaction or complaints against him, so as to give him an opportunity to be heard before the board of directors. He was served with a notice of dismissal on the following day. After his discharge appellee asked to be heard in the matter, but his request was not granted. There was due him at the time of his discharge, his salary from May 1, 1886, to June 15, 1886. This suit was brought October 22, 1886, and the trial had July 9, 1889, before the court, without a jury. The court assessed the plaintiff's damage at $14,700. Motions for a new trial and in arrest of judgment were severally overruled and judgment rendered as per finding.

The original declaration, consisting of the common counts, only, was filed October 22, 1886. On March 12, 1888, the plaintiff, by leave, filed a special count, the substance of which appears in the opinion of the court.

On the trial the defendant submitted the following, among other propositions, to be held by the court as the law:

"8. Under the declaration the contract price can not be treated as the measure of damages.

"9. Under the declaration the plaintiff is not entitled to recover for the full term at the rate fixed in the contract, and in law is not entitled to recover any sum whatever, except for services actually rendered, and for such services is only entitled to recover on the *quantum meruit.*

"10. That in law, if a plaintiff is entitled to recover for any damages at all, he can not recover, under the declaration, upon or under said contract, or according to the contract price or rate therein fixed, and in any event can not recover for any time from and after the date of the commencement of the suit or the date of the trial."

The court refused to hold such propositions as the law of the case, to which the defendant excepted. The court found that the plaintiff was wrongfully discharged, and made a special finding that he was entitled to recover one and one-half month's wages at the contract price,—*i. e.*, $291.66 per month,—for services rendered prior to his discharge; also, that the measure of damages for the breach of the contract was the contract price, less $700, which had been earned by the plaintiff from the date of his discharge to the trial; and also that the measure of damages for the time unexpired at the time of the trial and to the end of five years was the contract price, less a discount of six per cent per annum from the time of the trial to the date of the expiration of the term of service, and rendered judgment accordingly. On appeal to the Appellate Court the judgment was affirmed upon division of that court, one of the judges thereof having sat at the trial. This further appeal is prosecuted by the defendant below.

Messrs. G. W. & J. T. Kretzinger, for the appellant:

Appellee, by suing to recover upon a *quantum meruit*, after his discharge, to recover the wages due him for services performed, rescinded the contract and waived his right to entire damages to the end of the term. *Bannister* v. *Read*, 1 Gilm. 99; *Herrington* v. *Hubbard*, 1 Scam. 572; *Webster* v. *Enfield*,

5 Gilm. 99; *Watts* v. *Todd,* 20 S. C. 26; *Wright* v. *Faulkner,* 37 Ala. 276; *Goodman* v. *Pocock,* 69 E. C. L. 581; *Mahon* v. *Daly,* 70 Ill. 655; *Russell* v. *Gillmore,* 54 id. 149; *Burnham* v. *Roberts,* 70 id. 24; *Colburne* v. *Woodworth,* 31 Barb. 383; *Rodermund* v. *Clark,* 46 N. Y. 357.

The damages were excessive and wholly unauthorized. *Hamlin* v. *Race,* 78 Ill. 422.

The contract is personal, and therefore the death of appellee would terminate it. If the contract price is recovered, and the appellee should die before the end of the term, appellant would have no redress as to the proper measure of damages. *Gordon* v. *Brewster,* 7 Wis. 355; *Shannon* v. *Comstock,* 21 Wend. 456; *Fleureau* v. *Thornhill,* 2 Black, 1078; *Miller* v. *Mariner's Church,* 3 Greenlf. 51; *Fowler* v. *Armour,* 24 Ala. 194; *Sherman* v. *Transportation Co.* 31 Vt. 179.

Messrs. Bryan & Hatch, and Mr. Robert Harvey, for the appellee:

The grounds of recovery in this case are, first, under the common counts for services rendered prior to the discharge of appellee; and second, under the special count for damages to appellee for the breach of the contract by appellant. *Williams* v. *Coal Co.* 60 Ill. 155; *Trustees* v. *Shaffer,* 63 id. 243; *Dana* v. *Short,* 81 id. 468; *Kadish* v. *Young,* 108 id. 181; *Crabtree* v. *Hagenbaugh,* 25 id. 233; *Richmond* v. *Railroad Co.* 40 Iowa, 264; *Remelee* v. *Hall,* 31 Vt. 582; *Sullivan* v. *Wyer,* 67 Me. 64; *Howard* v. *Daly,* 61 N. Y. 361.

In an action by a servant who is wrongfully discharged, the true measure of damages is the amount stipulated to be paid by the contract for the full term, less what the servant earned or might earn during the period subsequent to the breach. *Howard* v. *Daly,* 61 N. Y. 361; 2 Greenleaf on Evidence, sec. 261a; *Remelee* v. *Hall,* 31 Vt. 582; *Sullivan* v. *Wyer,* 67 Me. 64; *Dugan* v. *Anderson,* 36 Md. 567; *Richmond* v. *Railroad Co.* 40 Iowa, 264; *Fuller* v. *Little,* 61 Ill. 22; *Williams* v.

*Coal Co.* 60 id. 155; *School Directors* v. *Crews,* 23 Ill. App. 369; *Trustees* v. *Shaffer,* 63 Ill. 244; 1 Sutherland on Damages, 150.

If a person hired for service for a given term is wrongfully dismissed, he is entitled to the stipulated wages for the term of his engagement, if that is his loss. It is *prima facie* his loss; but the law imposes upon him the duty to secure other employment, and to the extent that he obtained it and earned wages, or might have done so, his damages will be reduced. 1 Sutherland on Damages, 150; *Williams* v. *Coal Co.* 60 Ill. 149; *Howard* v. *Daly,* 61 N. Y. 362; *Mining Co.* v. *Barry,* 17 Md. 419; *Sullivan* v. *Wyer,* 67 Me. 64.

Per CURIAM: This action was brought on a written agreement, by which the defendant appointed the plaintiff as landscape gardener, engineer and superintendent of its grounds for the term of five years, at a salary of $3500 a year, to be paid in monthly installments. The term commenced October 1, 1885, and the plaintiff's salary was paid to May 1, 1886. On the 15th of June, 1886, the defendant discharged the plaintiff, as it claimed it had a right to do under the contract. The plaintiff denied the right to thus terminate the contract, and on October 22, 1886, brought this action, filing the consolidated common counts, only. On the 12th of March, 1888, the plaintiff, by leave of court, amended his declaration by filing a special count founded upon a breach of the contract. This count sets out the terms and conditions of the contract, and alleges that plaintiff had performed and fulfilled on his part, etc., as landscape gardener, engineer and superintendent of the defendant's cemetery grounds, etc., as required by the defendant and the terms and conditions of his agreement, "and has always been ready and willing to perform and complete, all and singular, the services in said agreement by him to be performed," yet the defendant, contriving, etc., did not or would not perform such agreement, but has hitherto wholly refused

and neglected so to do, and, disregarding its agreement, would not permit or suffer the plaintiff to proceed to complete said work and service by him to be rendered, and prevented him from so doing, and then and there wrongfully discharged the plaintiff from further performance and completion of said agreement, etc., "whereby said plaintiff hath lost and been deprived of the profits and advantages which he otherwise might and would have derived and acquired from the completion of said work, labor and service," etc. By this count plaintiff elected to treat the defendant's act as a repudiation of the contract, and sought to recover, once for all, his damages for being wrongfully prevented from performance. It is not sought to recover wages under the contract, but damages for being wrongfully prevented from earning the same under the contract.

The first point insisted upon is, that the judgment should have been arrested by the court below. It is said that by filing the common counts plaintiff elected to sue for wages due him at the time of his discharge upon a *quantum meruit,* and having made his election, was barred from afterwards proceeding for damages accruing from a breach of the contract, such subsequent proceeding being in affirmance of the contract. This position is untenable. *Indebitatus assumpsit* lies upon a written contract, though it be under seal, when the plaintiff has performed, and nothing remains to be done under it but the payment of money, which payment it is the duty of the defendant, under the contract, to make. In such case the plaintiff need not declare specially. (*Lane* v. *Adams,* 19 Ill. 167; *Eggleston* v. *Buck,* 24 id. 262; *Elder* v. *Hood,* 38 id. 533; *Rund* v. *Rund,* 59 id. 98.) In *Catholic Bishop* v. *Bauer,* 62 Ill. 188, it is said: "There is no liability, by implication of law, upon an express contract, executory in its provisions. But where there has been full performance, and nothing remains to be done but the payment of money, or where there has been only part performance, and the remainder has been waived or prevented, and the work performed has been accepted, then, in either case,

a recovery may be had for the contract price for the service performed, under an *indebitatus assumpsit.*" It would follow, that the plaintiff could have recovered in *indebitatus assumpsit,* under the contract, for the services performed, and therefore it can not be said that by filing the common counts, merely, he had elected to proceed upon the *quantum meruit.*

In Smith on Master and Servant, 188, the rule is thus stated: "A servant wrongfully discharged has the two following remedies open to him at law, either of which he may pursue immediately on his discharge: First, he may treat the contract of hiring and service as continuing, and bring a special action against his master for breaking it by discharging him,—and this remedy he may pursue whether his wages are paid up to the period of his discharge or not; or, second, if his wages are not paid up to the time of his discharge, he may treat the contract of hiring and service as rescinded, and sue his master on a *quantum meruit* for the services he has actually rendered." And after stating that the former of these remedies is the preferable one, the author continues: "In this form of action the plaintiff can not recover wages due for the period during which he has actually served. These wages must be recovered on the count for wages, which may be added to the count for the wrongful dismissal." By the words "this form of action," the author evidently means that wages earned can not be recovered under the special count for breach of the contract, but that a count for such wages may be added in the same action. Wood on Master and Servant, sec. 125.

In this case the undertaking was to pay in monthly installments. Each installment was a several demand, and might have been sued for severally, during the continuance of the contract. If there had been no discharge, the recovery on a single installment would have been no bar to the recovery of installments subsequently falling due. The discharge of the plaintiff without cause would not affect plaintiff's right or remedy to recover for services before that time performed.

Under the special count the plaintiff was entitled to recover such actual damages as he had sustained by his wrongful discharge, and under the common counts he was entitled to recover the wages due, so far as he had actually performed under the contract.

It is next insisted that the trial court did not adopt the proper measure of damages, and that therefore the damages awarded are excessive. These questions are directly raised by the propositions of law asked to be held, and refused by the court.

We are of opinion that the court erred in fixing the measure of damages. It refused to hold that no recovery could be had in this action for damages accruing subsequent to the day of trial, but held that the plaintiff was entitled to recover wages from the 1st of May to the 15th of June, for services rendered during that period, at the contract price; and from the latter date, being the date of his discharge, to the date of the trial, the measure of damages for breach of the contract was the contract price, less $700 earned by the plaintiff, and that the measure of damages for the unexpired term subsequent to the trial was the contract price, less a discount of six per cent per annum from the trial to the expiration of the term of service. In this action the plaintiff sued for a present breach of the contract, and seeks to recover, not for any one or more of the installments due or to become due, but, once for all, the damages he has sustained by the breach of the contract by the defendant. Instead, therefore, of alleging as a breach the non-payment of installments, the breach averred is the prevention of plaintiff from performance on his part, whereby he is deprived of profits and gains he would have realized from the completion of the agreement. The special count is, in all substantial particulars, taken from Chitty. (2 Chitty's Pleadings, 325-327.) As held by this court in *Hamlin et al.* v. *Race,* 78 Ill. 422, if the plaintiff sought the enforcement of the contract he would be required to proceed in accordance with its

terms,—that is, he must allege that the installments are due and unpaid, and could not recover for any installment before it became due by the terms of the contract. It is clear, however, that plaintiff did not seek to keep the contract alive and proceed under it. The averment that the plaintiff has always been ready and willing to perform, was not intended to and does not show that the plaintiff was seeking to keep the contract obligatory on him after suit brought. Its purpose was accomplished in showing that the plaintiff was guilty of no default at the time of bringing his action. If, after judgment rendered in this action, the defendant should demand performance of the unexpired term, the plaintiff would not be obliged to perform, the recovery being for the present damages occasioned by breach of the contract by the defendant. In such cases, the averment of readiness and willingness to perform is not an issuable averment. 2 Saunders' Pleading and Evidence, part 1, p. *351; *Wilkinson* v. *Gaston*, 9 Q. B. 137.

Wood, in his work on Master and Servant, in the section before cited, says: "When a servant is discharged, without sufficient legal excuse, before the expiration of his term, he has his choice of two remedies: he may elect to treat the contract as rescinded, and at once bring an action for the value of the services rendered, or he may sue for a breach of the contract, and recover his probable damages for the breach, or he may, in some cases, wait until the term is ended, and sue for the actual damages he sustained, which can in no case exceed the wages provided for in the contract for the entire term."

As we have seen, this court has held that the contract may be kept in force and installments recovered as they severally fall due. (*Hamlin et al.* v. *Race, supra.*) But that is unimportant here. Upon notice of his discharge the plaintiff had the right to immediately bring his action for a breach of the contract, or he might have waited until the expiration of the term of employment. If he sued before the termination of the contract, and the action was not tried until after the period

of service stipulated for had expired, the plaintiff would be entitled to recover for the whole time, less payments made, and such sum as he had, or might by reasonable diligence have, earned subsequent to the breach. (Sutherland on Damages, 433, and authorities cited; *Fuller* v. *Little*, 61 Ill. 22; *Howard* v. *Daly*, 61 N. Y. 361; *School Directors* v. *Cruse*, 23 Ill. App. 369.) But the plaintiff not only brought his action before the expiration of the contract by its terms, but also had trial before that time. The measure of damages in that case is not so easily determined, nor are the authorities uniform. There is no difficulty in determining the elements of damage, but, for what time they should be recovered. By the English rule, as it would seem, he might recover for any loss during the entire unexpired term of employment, while by the rule adopted in many of the American States the recovery is limited to damages sustained to the time of trial. *Fowler* v. *Armour*, 24 Ala. 194; *Daniel* v. *Park*, 19 Ark. 671; *Rogers* v. *Barham*, 8 Ga. 190; *Gordon* v. *Brewster*, 7 Wis. 355; *Sutherland* v. *Weyer*, 67 Me. 64; *Wright* v. *Falkner*, 27 Ala. 274; *Pritchard* v. *Martin*, 27 Miss. 305; *Alfaro* v. *Davidson*, 40 N. Y. 80; *Howe Machine Co.* v. *Brighton*, 44 Iowa, 159; *Lewis* v. *Atlas Mutual Life Ins. Co.* 61 Mo. 534.

In Wood's Mayne on Damages, page 197, it is said: "When the service is to be commenced at a future day, and before the arrival of that day the employer positively renounces the covenant, even without doing anything to incapacitate himself from performing at the appointed day, the servant may sue at once, and the jury, in assessing the damages, would be justified in looking at all that had happened, or was likely to happen, to increase or mitigate the loss of the plaintiff, down to the day of trial,"—citing *Hochster* v. *Delatour*, 2 E. & B. 678; *Church Ward* v. *The Queen*, L. R. 1 Q. B. 204; *Frost* v. *Night*, L. R. 7 Exch. 111; 41 L. J. Ex. 78. The same author, in his work on Master and Servant, (page 250,) after stating the rule laid down by Smith, in his work on Master and Servant,

on this subject, says, that he (Smith) goes on to state that in such action the servant "may not only recover for wages actually earned, but also for his probable loss by being unable to· secure other equally profitable employment, even to the extent of the entire period covered by the contract." Mr. Wood, however, adds: "And there is no question but that is the rule· in England; but I am aware of no case in this country in which a similar rule has been adopted, but, on the contrary, the drift of American decisions is. opposed to any such rule of recovery, and limits the judgment to the actual loss at the day of trial."

In view of the fact that the servant may die or become incapable of performing before the expiration of the term of his employment, and the uncertainty of the wages or emoluments· he may be enabled to earn in the future, we are disposed to· follow the rule that the plaintiff shall be limited to his actual loss at the time of trial. It must necessarily be that the actual loss of the plaintiff between the trial and the expiration of the· term can not be definitely determined, and any amount allowed must, from the very nature of things, be largely speculative. By the adoption of the rule limiting recovery to the day of trial all difficulty would be avoided in the assessment of his damages. There is no hardship in this, for, as we have seen, if he desires so to do he may lie by until the expiration of the· term. It is clear that the servant wrongfully discharged is not entitled, as a matter of law, to recover the full amount of the contract price, even after the expiration of the term, if he has earned other wages or received other compensations for· his time and labor after the breach of the contract. All such sums as he has earned, or might by reasonable diligence have earned, must be deducted, and if he has earned more than the price agreed to be paid, his recovery would be limited to nominal damages merely. It is apparent that it is impossible to. tell whether, from the day of trial to the expiration of the term,

he will earn more or less than the contract price. The plaintiff can recover only his actual loss.

It is, however, insisted by appellant, that recovery should be had only to the time of suit brought, and the case of *Hamlin* v. *Race, supra,* is referred to as supporting this contention. As we have seen, the suit was there brought for the recovery of installments of wages, keeping the contract in force, and it was held that no recovery could be had for an installment not due at the commencement of the action. We there said: "Had appellee, when discharged, terminated the agreement and sued on the breach of the contract, it may be that a different rule (from the one there announced) might have prevailed." The case there being considered is clearly distinguishable from the one at bar. There, the recovery was not sought for a breach of the contract, but for the recovery of wages fixed by the contract and under the contract, and it was properly held, that as the plaintiff sought to recover under the contract, he was limited to the recovery of wages due at the time suit was brought.

We are of opinion that the wages earned were recoverable under the *indebitatus assumpsit* count. The court, however, erred in allowing recovery for damages accruing after the trial and before the expiration of the term. The damages should have been limited to recovery for the wages earned, and for the loss of the plaintiff by reason of the breach, from the date thereof to the trial.

It will be observed that we have carefully refrained from expressing any opinion in respect of the right of the defendant to discharge the plaintiff and to terminate his employment. No propositions were asked to be held by the court which in our judgment properly present that matter for our consideration.

For the error of the court before indicated, the judgments of the Appellate and trial courts are reversed, and the cause remanded to the Superior Court for re-trial.

*Judgment reversed.*