Williams v. Scott.

---

## L. R. Williams v. Charles H. Scott.

1. ERRORS—*Not Affecting the Result Need not be Considered.*—Errors in the admission or rejection of evidence, which could have had no affect upon the result, need not be considered by a court of appeal.

2. MASTER AND SERVANT—*Wrongful Discharge—Continued Readiness to Perform not Necessary.*—It is the duty of a servant discharged wrongfully, to earn what he can after his discharge, and the words,

" and from thence until the expiration of the period of his employment."
in an averment of readiness to perform, are suplusage and need not be
proved.

**Assumpsit,** for a wrongful discharge. Appeal from the Superior
Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding.
Heard in this court at the March term, 1897. Affirmed. Opinion filed
April 15, 1897.

SLUSSER & JOHNSON, attorneys for appellant.

JOHNSON, HERRING & BROOKE, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant was the proprietor of the Park Gate Hotel
during the World's Fair season of 1893, and engaged the
appellee as steward at $200 per month a little before May 1,
1893. At the end of June, 1893, the appellant discharged
the appellee. So far there is no dispute on the facts. The
case of the appellee is that he was engaged for a term—the
World's Fair season—to end November 1, 1893, while the
appellant insists that the engagement was only for a month
on trial at $200. As the appellee worked two months, the
month on trial seems to cut but little figure in the contro-
versy. On trial implies that something was depending upon
the result of the trial.

The preponderance of the evidence is with the appellee as
to the terms of the engagement.

That there was any cause given to the appellee for the
discharge is not proved, and it is clear that it was against
his will, while he was ready, able and willing to continue in
the service. He vainly endeavored to find employment dur-
ing the next four months.

He sued, and has recovered $500.

Errors, if any there be, in the admission or rejection of
evidence which could have had no effect upon the result,
need not be considered.

It was his duty to make efforts to earn what he could
after his discharge, and such efforts do not defeat his action,
though his declaration does aver " that at the time of his

discharge and from thence until the expiration of the period of his employment he was ready, able and willing," etc. The words " and from thence until the expiration of the period of his employment " are surplusage, which need not be proved.   1 Greenl. Ev., Sec. 51.

The appellee might have sued the day he was discharged, and the trial not coming on until the term of service had ended he would have been entitled to recover his whole salary, less what he could have earned.   Mount Hope Cem. Ass'n v. Weidenmann, 139 Ill. 67.      .

In such an action continued readiness could not have been averred, which proves that such an averment was needless.

The judgment is affirmed.