## LaBelle B. Vincent v. John M. Stiles.

1. ARCHITECT'S CERTIFICATE—*Where it is Indispensable.*—Where, in a building contract, payment is to be made upon the certificate of an architect, the obtaining of such certificate is a condition precedent and must be strictly complied with. Such compliance or excuse for non-compliance must be averred in the pleading and established by the evidence.

2. SAME—*As a Condition Precedent—Must be Averred, etc.*—The obtaining or presentation of such a certificate is a condition precedent to the right to require payment, and that such condition must be strictly complied with, or else a good and sufficient excuse shown for non-compliance therewith. Such compliance with the condition precedent, or excuse for non-compliance, must be averred in the pleadings and established by the evidence.

**Assumpsit,** for balance upon a building contract. Trial in the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed July 16, 1898.

LINDEN & DEMPSEY, attorneys for appellant.

CONSIDER H. WILLETT and PEASE & ALLEN, attorneys for appellee.

Mr. Justice Horton delivered the opinion of the court.

This suit was commenced by appellee to recover an amount which he claimed was the balance in full due to him upon a contract for the erection of a building for appellant. The suit is in assumpsit, and the declaration contains the common counts only. The plea is general issue with affidavit of good defense on the merits.

Upon the trial it appeared that there was a written contract between the parties whereby appellee agreed to furnish all the material and do the work of painting and glazing, of the character and kind and within the time mentioned in said contract, " to the full and complete satisfaction " of Horatio R. Wilson, architect. In and by said contract appellant agreed as follows, viz.:  " To pay to said party of the first part (appellee) the sum of eleven hundred and forty-five dollars ($1,145) on certificates of said architect and superintendent as the work progresses, to wit, eighty-five per cent of the estimated value of the same, and the remainder on the satisfactory completion and acceptance by said architect and superintendent of the entire work after the expiration of thirty days, provided said first party shall first furnish all receipts, vouchers and statements required by State and municipal laws and ordinances if so required to do."

Said contract also contains the following:  " It is further agreed that in case any difference of opinion shall arise between said parties in relation to the contract, the work to be performed under it or in relation to the plans, drawings and specifications hereto attached, the decision of Horatio R. Wilson, the architect, shall be final and binding on all parties hereto."

No certificate by the architect was produced. There is no averment in the pleadings referring to said contract, and no averment as to said architect or as to any reason why a certificate from him is not procured. On behalf of appellant this point is presented in the brief, viz.:

" Where, in a building contract, payment is to be made upon certificate of architect, the obtaining of such certificate

is a condition precedent and must be strictly complied with. Such compliance or excuse for non-compliance must be averred in the pleading and established by the evidence."

This point is well taken. In Michaelis v. Wolf, 136 Ill. 68–71, the provision of the contract was similar to the one above quoted. It is there held, as has been frequently held by that court, that the obtaining or presentation of such a certificate is a condition precedent to the right to require payment, and that "such condition must be strictly complied with, or else a good and sufficient excuse shown for non-compliance therewith. Such compliance with the condition precedent, or excuse for non-compliance, must be averred in the pleadings and established by the evidence."

In that case the issue was distinctly made of the want of a proper averment in the pleadings. Indeed the only point made by appellee, so far as shown in the report of the case, was that "the bill should have averred the issuing of the architect's certificates, or that they were fraudulently withheld by the architect." See also Wolf v. Michaelis, 27 Ill. App. 337; Scoville v. Miller, 40 Ill. App. 237–241.

It is urged by appellee that under Fowler v. Deakman, 84 Ill. 130, appellee could introduce testimony excusing the production of the architect's certificates. If it be a fact that there is an irreconcilable conflict between the Michaelis case and the Fowler case, we prefer to follow the former for two reasons: first, it is the more recent and should therefore control; second, it is in accord with our own convictions as to good pleading. It is a general principle in pleading, almost, if not quite, without exception, that a charge of fraud must be specially pleaded, and the facts which, it is claimed, constitute the fraud, be fully stated. We see no reason why the case at bar should be held to be an exception to that rule.

As this case must be tried again, we omit any discussion of the questions of fact appearing in the record.

For the reason stated the judgment of the Circuit Court is reversed and the cause remanded.