° Hannah M. Foster v. Alexander F. McKeown and William H. McKeown.

1. PRACTICE—*Recovery Under the Common Counts.*—When the terms of a special contract have been so far performed that nothing remains but a mere debt or duty to pay money, the amount due may be recovered under a general count.

2. SAME—*Recovery—Indebitatus Assumpsit.*—Where a contract has been fully executed on the part of the plaintiff, and nothing remains to be done under it but the payment of money, which payment it is the duty, under the contract, of the defendant to make, the plaintiff need not declare specially, and may recover under a count in *indebitatus assumpsit.*

3. COMMON COUNTS—*Recovery Under.*—Where the contract has been performed and nothing remains to be done but to pay the amount due under it, a recovery may be had under the common counts.

Assumpsit.—The common counts. Appeal from the Circuit Court of Cook County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed November 7, 1899.

E. A. ABORN, attorney for appellant.

FRANCIS T. MURPHY and THADDEUS S. ALLEE, attorneys for appellees; ROY O. WEST, of counsel.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is a suit in assumpsit to recover for a balance claimed to be due under a special contract, and for a bill of extras for labor and material, in and about the erection of two dwelling-houses.

The declaration consists of the common counts. The pleas are the general issue, and set-off.

The plea of set-off is confined to damages claimed for a failure to complete the work within the time stipulated by the contract of the parties, and for some cash disbursements to third parties, of which latter there was, however, no evidence. We fail to observe any contention in appellant's brief of any error, in fact or in law, in respect of the

disallowance by the jury of all claims under the plea of set-off.

A recovery was had for the full amount claimed by appellees, including interest, amounting to $994.80, and from such judgment this appeal comes.

The only question of importance raised by appellant, is involved in the proposition as to whether there can be a recovery upon the facts of the case, under a declaration consisting only of the common counts.

There was a contract in writing between the parties, covering the subject-matter. That contract contains various provisions relating to the doing of the work to the satisfaction of the architect named, the making of payments upon certificates of the architect, the manner in which the value of extra work, if any, shall be determined, and the time within which the contract shall be performed.

The contract price was $4,150, and of that amount, all except $150 was paid upon certificates issued therefor by the architect.

The architect gave no certificate for any part of what is claimed in the suit. Appellee makes no claim that the contract was not fully performed and the extra work and material done and furnished. It would seem, therefore, that the only question is whether appellant is right in her contention that because of the provisions of the contract, a special count was required.

It has been sententiously said by Mr. Justice Gary, that "however special the contract, not under seal, if the plaintiff has performed it and the defendant received under it the benefit for his own use, in general, some common count will suffice." Zjednoczenie v. Sadecki, 41 Ill. App. 329.

Again, in Gottschalk v. Smith, 54 Ill. App. 341, there is a quotation from Chitty, as follows:

"When the terms of a special contract have been so far performed that nothing remains but a mere debt or duty to pay money, then the amount due may be recovered under a general count."

The same rule was stated as long ago as Lane v. Adams, 19 Ill. 167, as follows:

" Where a contract has been fully executed on the part of the plaintiff, and nothing remains to be done under it but the payment of money, which payment it is the duty, under the contract, of the defendant to make, the plaintiff need not declare specially, and may recover in *indebitatus assumpsit*."

The same rule was applied in Neagle v. Herbert, 73 Ill. App. 17, a case where, under a declaration consisting only of the common counts in assumpsit, a recovery was sustained " for work done and material furnished in pursuance of a contract between the parties, and for extra work."

In the last cited case the contract was, as here, admitted in evidence for the purpose of showing its terms, and to measure the damages.

The distinction between the cases relied upon by appellant and the present one is that in them it appeared that the contract had not been performed by the plaintiff, there yet remaining something to be done by him before he would be entitled to the money, while here there is no such claim to be found in the evidence, nor in argument.

Thus in Neagle v. Herbert, *supra*, the statement (not unlike in effect what we have already said in fewer words) is made :

" It is not claimed by the attorney for plaintiff in error that defendant in error did not perform the work and furnish the material which, by his contract, he agreed to perform and furnish, nor that he did not do the extra work for which he claims compensation."    Michaelis v. Wolf, 136 Ill. 68, is relied upon.

That was a petition for a mechanic's lien where fraud and conspiracy between the architect and the owner were charged.    It also appears from the opinion, " the building, in various respects, was not in conformity with the requirements of the contract."

Whatever, if anything, was there said that seems to favor appellant's contention must be taken as applying to the particular circumstances there existing.

Especially it should not be held to change a rule always theretofore announced by the Supreme Court, and reiter-

ated in the later case of Shepard v. Mills (173 Ill. 223, 70 Ill. App. 72), where the very point was made that a recovery of a balance due upon a special contract containing numerous conditions, for a heating apparatus, could not be had without declaring specially upon the contract.

The court there says:

" The law is well settled that where the contract has been performed and nothing remains to be done but to pay the amount due under it, a recovery may be had under the common counts," and cites Lane v. Adams, *supra*, and other cases.

Especial reliance is placed by appellant upon Vincent v. Stiles, 77 Ill. App. 200.

That case followed Michaelis v. Wolf, *supra*, and was correctly decided upon the facts which the record on file in this court discloses. There the architect refused to issue a final certificate because he would not accept the work, it not having been properly done.

In this case there is no evidence that the final certificate was withheld for any reason except that the agent of appellant so requested. There is no claim, in the evidence or in the briefs, of the work being not done, or improperly done. Upon the other hand, the evidence is plenary that the work was done according to the contract, and that the extra work and material was done and furnished, and that as to both, the superintending architect expressly stated that appellees were entitled to a certificate, but its issuance had been forbidden by appellant's agent. Where an architect whose duty it is to issue a certificate refuses to do so, through no fault of the plaintiff, the latter is absolved from producing the architect's certificate as a condition precedent to bringing his suit. Fowler v. Deakman, 84 Ill. 130.

Under the circumstances of this case nothing remained to be done, except appellant's duty to pay the money.

The common counts were sufficient; there was no substantial error in respect of instructions or in the admission or rejection of evidence; and for all that appears, the judgment is right and should be affirmed.

Mr. Justice HORTON does not concur.