# Warren Pease, Appellee, v. Chicago Crayon Company, Appellant.

## Gen. No. 16,485.

1. CORPORATIONS—*effect of declaration of dividend.* When a dividend has been duly declared by a corporation it becomes a debt due from the corporation to each stockholder in proportion to the number of his shares and he may sue for and recover the same at law.

2. CORPORATIONS—*when proof makes prima facie showing that profits have been earned.* Proof that all stockholders but the plaintiff have been paid dividends in pursuance of resolutions declaring dividends ''payable out of the profits,'' establishes *prima facie* that sufficient profits have been earned.

3. ASSUMPSIT—*when lies.* When a dividend has been declared nothing remains to be done except to pay the money on demand and where. such is the case *indebitatus assumpsit* is a proper form of action.

4. PLEADING—*when ruling upon demurrer immaterial.* It is of no consequence how the trial court ruled on a demurrer to a rejoinder to a replication to a plea of set-off where no evidence was offered in support of the plea of set-off.

Assumpsit. Appeal from the Municipal Court of Chicago; the HON. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed with damages. Opinion filed May 9, 1912.

A. D. GASH, for appellant.

PEASE, SMIETANKA & POLKEY, for appellee.

Pease v. Chicago Crayon Co., 170 Ill. App. 234.

MR. JUSTICE FITCH delivered the opinion of the court.

Appellant issued to one Hamell a certificate for fifteen shares of its capital stock, stating on its face that it was "fully paid and non-assessable." On November 8, 1904, Hamell endorsed the stock certificate to the appellee upon payment by the latter of $1,200. Appellee at once requested appellant's secretary to transfer the shares on the company's books. The secretary refused to do so, claiming that the shares of stock had been attached and sold prior to the purchase of the same by appellee. Litigation followed and continued for several years, until November 28, 1908, when the Hamell certificate was surrendered by appellee and a new certificate issued to him by the appellant. He thereupon made a formal demand upon the company for dividends which had accrued after the time of his purchase of the stock in 1904. This demand being refused, appellee brought suit in the Municipal Court as a first-class case, declaring on the common counts in assumpsit. A plea of the general issue was filed by appellant, and later an additional plea of set-off, alleging that Hamell was indebted to the defendant in the sum of $1,500 which had never been paid to the corporation for said shares of stock. To this plea the plaintiff replied double, first, that Hamell was not so indebted, and second, that when Hamell assigned said stock certificate to the plaintiff, the latter was a *bona fide* purchaser for value without notice. To this replication the defendant filed a rejoinder to the effect that the issue of said stock certificate by the company was *ultra vires,* because the stock was not paid for. A demurrer to this rejoinder was sustained. Upon the trial, appellee proved his purchase of the stock, the endorsement to him of the stock certificate, the demand made for the transfer thereof, the surrender and cancellation of the old certificate and the issue of the new certificate four years later, and that during said four years, four dividends of $300 each had been declared and paid to other

stockholders but not paid to appellee. Appellant offered no evidence and the court directed a verdict for $1,200. Judgment was entered on the verdict on November 8, 1909, and the company appeals.

Three reasons are suggested for the reversal of this judgment; first, that no recovery can be had on the common counts; second, that all the resolutions, declaring dividends, directed that such dividends be paid out of the profits and there was no proof there were any profits; and third, that the court erred in sustaining the demurrer to the rejoinder above mentioned.

*First.* The law is well settled that when a dividend has been duly declared by a corporation, it becomes a debt due from the corporation to each stockholder in proportion to the number of his shares, and he may sue and recover the same at law. (10 Cyc. 566). The declaration of a dividend "is a written admission on the part of the corporation of an indebtedness to each particular stockholder." (Id. 566).

When such a dividend has been declared nothing remains to be done except to pay over the money on demand, and where such is the case *indebitatus assumpsit* is a proper form of action. Lane v. Adams, 19 Ill. 167. Or upon another theory, when a defendant has obtained money belonging to the plaintiff which, in equity and good conscience, the defendant has no right to retain, the plaintiff may recover the same on the common count for money had and received. First National Bank v. Gatton, 172 Ill. 625; Wilson v. Turner, 164 Ill. 398.

*Second.* All the resolutions offered in evidence direct the payment of dividends "out of the profits of the business for" the year stated. The resolutions in themselves imply that profits had been earned sufficient, at least, to pay the dividends declared in the resolutions. Moreover, there was evidence that such dividends were paid to all other stockholders but appellee. We think

this proof made a *prima facie* case in favor of appellee, so far as this contention is concerned.

*Third.* It is a matter of no consequence how the court below ruled on a demurrer to a rejoinder to a replication to a plea of set-off, in view of the fact that the defendant offered no evidence of any kind in support of its plea of set-off.

After examining this record and the briefs filed, we cannot escape the conclusion that this appeal was prosecuted for delay. The judgment will, therefore, be affirmed with $60 damages (this being 5% of the damages assessed below), in addition to the costs.

*Judgment affirmed with damages.*