McPHERSON *v.* SMITH.

5-1926

328 S. W. 2d 849

Opinion delivered November 16, 1959.

*Victor L. Nutt, Lloyd Henry,* for petitioner.

*John D. Eldridge, Jr.* and *George P. Eldridge,* for respondent.

SAM ROBINSON, Associate Justice. Helen McPherson filed suit for divorce in the Woodruff Chancery Court alleging as grounds three years separation. The complaint also asked that her husband, W. E. McPherson, be required to render an accounting of a trust of which he was co-trustee. The case is here on a petition for a writ of prohibition. Petitioner is the defendant in the action filed below in chancery court.

Petitioner filed two motions to strike, both of which contained the allegation that the complaint stated two causes of action, namely, one for divorce and the second for a trust accounting. In addition, the first motion alleged that the court had no jurisdiction of the trust *res* in that it was not located in Woodruff County and petitioner was not a resident of and was not served in Woodruff County. The second motion alleged that the two causes of action were improperly joined. The chancery court overruled both motions to strike.

For his writ of prohibition, petitioner argues the points relied on below in both motions to strike. It is unnecessary, however, to discuss anything other than the question of improper joinder of actions.

The case turns on the complaint filed in the chancery action. In it the normal allegations for a divorce are first made and then it alleges that the plaintiff and petitioner in 1951 executed a trust instrument naming themselves as trustees and their three children beneficiaries. The trust instrument, a copy of which was attached to the complaint, states that one of the children, W. E. McPherson, Jr., is to become a co-trustee upon reaching 21 years of age. He is now 22 years of age and has assumed this role. The prayer of the complaint asks "that the defendant, W. E. McPherson, be required to account to this court for the operation of the trust property from the beginning of the trust to the present ime; that he be required to make distribution to the beneficiaries under the terms of the trust; and that if the court finds that the defendant has violated the terms of the trust that he be enjoined from engaging in such violations in the future and required to make the trust estate whole", and then follows the prayer for divorce, adjudication of property rights and other customary relief in divorce actions.

The test of whether more than one cause of action is stated is whether more than one distinct primary right or subject of controversy is presented for enforcement or adjudication. This rule has been applied in numerous cases. 1 C. J. S. "Actions", § 64, p. 1185. Respondent argues that the relief prayed for pertaining to the trust is only incidental to determining the rights of plaintiff below in the divorce action. However, no one would question the right of plaintiff below to maintain a separate cause of action on the relief prayed for regarding the trust. Therefore, applying the above test there can be no doubt that there are two distinct and separate causes of action.

It follows that we must determine if they are improperly joined. One action is for divorce against peti-

230

tioner individually. The other is for an accounting in his representative capacity as a trustee. As a general rule a cause of action accruing in favor of or against one individually cannot be joined with a cause of action existing in his favor or against him in a representative capacity. *Governor, to Use of Lyon* v. *Evans,* 1 Ark. (1 Pike) 349; *McDaniel* v. *Parks,* 19 Ark. 671; 1 Am. Jur. "Actions", § 82, p. 468. Here we have two distinct causes of action, one against the petitioner individually and one against him in a representative capacity. We find nothing in our controlling statute, Ark. Stat. § 27-1301, or in our decisions, allowing such joinder.

The writ will be granted in accordance with the above opinion.