## L. W. Hubbell Fertilizer Company, Defendant in Error, v. D. Jacobellis, Plaintiff in Error.

### Gen. No. 21,184.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. John J. Rooney, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915. Rehearing denied December 20, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by L. W. Hubbell Fertilizer Company, a corporation, plaintiff, against D. Jacobellis, defendant, in the Municipal Court of Chicago, to recover on a guaranty by defendant of the debt of another. To reverse a judgment for plaintiff for $467.75, defendant prosecutes this writ of error.

April 16, 1914, an order to plaintiff to ship twenty tons of fertilizer to Joe Ogden, signed by Ogden and the Indiana Colonization Society by defendant as president, was forwarded to plaintiff at its office in Buffalo, New York. April 21st plaintiff sent defendant the following telegram: "Buffalo, N. Y., April 21, 1914. D. Jacobellis, 832 W. Ohio St., Chicago. Care Jacobellis Bros. Indiana Colonization Co. not rated, will you personally guarantee payment twenty tons fertilizer ordered? Answer collect. L. W. Hubbell Fertilizer Co." The defendant testified that he received this telegram and threw it on the desk. The same day plaintiff received at Buffalo the following telegram: "Chicago, April 21, 1914. L. W. Hubbell Fertilizer Co., Buffalo, N. Y. I will personally guarantee payment 20 tons fertilizer ordered by Indiana Colonization Co. D. Jacobellis." Defendant testified that he had never sent or caused to be sent to the plaintiff any telegram in relation to any matter. The original of the telegram of April 21st, purporting to be a telegram of defendant to plaintiff, was produced at the trial by an officer of the telegraph company, and certain letters and documents signed by the defendant, which he admitted that he signed, were put in evidence. The original of the telegram was marked, "Exhibit 3" for identification, and Wells, a witness for plaintiff, testified that the signature to the telegram was the signature of the defendant. The defendant admitted the receipt of the telegram from plaintiff of April 21st.

L. W. Hubbell Fertilizer Co. v. Jacobellis, 195 Ill. App. 410.

CAIROLI GIGLIOTTI, for plaintiff in error.

ALLEN G. MILLS, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 903*—*when original document not contained in record considered as in evidence.* In an action to recover on a guaranty where the guaranty was made by telegram, and where the original of the telegram constituting the guaranty in question was not contained in the record, on review the Appellate Court will treat the telegram as being in evidence, it appearing that such original was produced in the trial court, identified, and testimony introduced concerning it.

2. EVIDENCE, § 304*—*what authentication of original of telegram sufficient.* The original of a telegram received by plaintiff and purporting to be signed by defendant is made competent by the testimony of a witness that the signature is that of defendant.

3. EVIDENCE, § 304*—*when signing of telegram a question of fact.* The question whether the original of a telegram alleged to have been sent by a party is signed by him is a question of fact.

4. CONTRACTS, § 4*—*when written contract may be made by telegram.* Contracts required to be written may be validly made by telegram.

5. EVIDENCE, § 304*—*when telegram received in answer to another telegram presumed genuine.* The rule applicable to letters received in the due course of mail purporting to be in answer to a letter previously sent by the receiver, that such letters are presumptively genuine and admissible, is equally applicable to telegrams similarly received, a presumption arising in each case that the letter or telegram of the receiver was duly forwarded and received by the addressee, and that the answer received was sent by the addressee.

6. APPEAL AND ERROR, § 378*—*when defense not raised in trial court waived.* The defenses of res adjudicata and want of consideration are not available in the Appellate Court where such defenses were not raised in the trial court.

7. GUARANTY, § 30*—*where recovery may be had against principal and guarantor in separate actions.* Although a plaintiff may recover against a principal in one action and against the guarantor in another, he can have but one satisfaction of the debt guarantied.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

8. GUARANTY, § 2*—*when guaranty binding when executed before delivery of goods*. A guaranty is binding where the goods are contracted for by the principal one day and the guaranty is executed the next and delivered to the seller before the goods are delivered, for the reason that the sale is not complete until delivery of the goods.