4. INSURANCE, § 897*—*when question of waiver of by-laws for jury.* In an action on a fraternal benefit certificate, the question whether the conduct of officers of the local council of the insurer was not such as to induce a belief on the part of the insured that the council did not intend to exercise its right of forfeiture for false statements by insured in the application and medical examination, but intended to recognize insured as a member in good standing, *held* for the jury.

5. INSURANCE, § 908*—*when instruction misleading.* In an action on a fraternal benefit certificate, an instruction examined and *held* not supported by the evidence in making it the duty of the officers of defendant's local council to notify insured or hear charges in case knowledge that he has made false statements should come to them.

---

## L. W. Hubbell Fertilizer Company, Defendant in Error, v. D. Jacobellis and Antonio Tarallo, Plaintiffs in Error.

### Gen. No. 22,060.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. PATRICK B. FLANAGAN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed May 1, 1916. Rehearing denied May 15, 1916. Petition for *certiorari* dismissed.

## Statement of the Case.

Action by L. W. Hubbell Fertilizer Company, a corporation, plaintiff, against D. Jacobellis and Antonio Tarallo, defendants.

Plaintiff recovered a judgment December 10, 1914, against defendant Jacobellis, who the same day prayed and was allowed an appeal to this court on giving an appeal bond within thirty days with security, etc. The appeal bond was filed January 18, 1915, thirty-nine days after the rendition of the judgment. The bond

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was executed by defendant Jacobellis as principal and Antonio Tarallo as surety, and recited the recovery of the judgment, the prayer by and allowance to defendant Jacobellis of an appeal, and provided that if Jacobellis paid the amount of the judgment, etc., in case the judgment was affirmed, the obligation to be void; otherwise, etc. The same day Jacobellis sued out of this court a writ of error and gave a *supersedeas* bond in the usual form. April 19, 1915, the appeal was dismissed. This action was then brought on the appeal bond and judgment recovered, to reverse which this writ of error is prosecuted.

D. JACOBELLIS and ANTONIO TARALLO, *pro se.*

ALLEN G. MILLS, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1870*—*when failure of appeal bond to conform to order allowing appeal does not release parties executing it.* The fact that an appeal bond was filed nine days later than the time fixed by the order allowing the appeal does not relieve the principal and surety on the bond from liability thereon.

2. APPEAL AND ERROR, § 1851*—*when maker of appeal bond bound by its recitals.* The maker of an appeal bond is bound by the recitals therein.

3. APPEAL AND ERROR, § 1860*—*when dismissal of appeal equivalent to affirmance.* The dismissal of an appeal is equivalent to a legal and technical affirmance of the judgment below so as to entitle appellee to claim a forfeiture of the appeal bond and have his action therefor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.