## Antonio Tarallo, Plaintiff in Error, v. L. W. Hubbell Fertilizer Company, Anton J. Cermak and Walter Brown, Defendants in Error.

### Gen. No. 24,021.

1. APPEAL AND ERROR—*when assignment to wrong branch of Appellate Court vacated.* A cause which has previously been in the Appellate Court is on a subsequent appeal assigned to that branch which decided it on prior review, but if through inadvertence it is assigned to another branch, the assignment is with the consent of that branch vacated.

2. APPEAL AND ERROR, § 1734*—*when judgment on former appeal is conclusive.* The decision of the Appellate Court on a former appeal as to the validity of a judgment on an appeal bond and the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

annulment of the sale thereunder, the court having jurisdiction of the parties and the subject-matter, is conclusive on a second appeal, not only as to the questions actually raised, but also as to such as might have been presented.

Error to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 5, 1918. Rehearing denied March 18, 1918.

CAIROLI GIGLIOTTI, for plaintiff in error.

ALLEN G. MILLS, for defendants in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This cause comes to this court by transfer from the Supreme Court of the State, to which tribunal complainant inadvisedly took the case by writ of error. See 281 Ill. 286, where a sufficient statement of the case appears. To the bill referred to in case, *ante,* the defendants interposed a demurrer which being sustained the bill was dismissed for want of equity.

As we view the record the question for our determination is the validity of the Municipal Court judgment challenged by the bill. If it is impervious to attack, the case is at an end regardless of the many other questions raised.

The judgment involved is for $532.81 and costs.

We will now briefly state the sinuous path of this litigation which, for an amount so comparatively insignificant, has but few equals in the jurisprudence of this State.

In June, 1914, the Hubbell Fertilizer Company commenced suit in the Municipal Court of Chicago against D. Jacobellis, which resulted in a finding and judgment for plaintiff. Jacobellis brought the cause to this court by appeal and gave an appeal bond in which complainant was surety. On this same judgment

Jacobellis sued out a writ of error from this court, and, failing to file the record in the appeal case within the time prescribed by statute, the appeal was dismissed. On a consideration of the writ of error case, the judgment of the Municipal Court was affirmed. 195 Ill. App. 410. A petition for a rehearing in the writ of error case was denied. A suit on the appeal bond given in the appeal case was had in the Municipal Court of Chicago against Jacobellis as principal and Antonio Tarallo as surety, and on a trial the judgment set forth in the bill in this writ of error was obtained. Soon after the entry of this judgment complainant Tarallo, surety on the bond, appealed to this court for a rule on the plaintiff in that case, its counsel and the trial judge, to show cause why they should not be held in contempt for an alleged violation of the *supersedeas* issued in the writ of error case. This motion on hearing was denied. This court was then appealed to, to vacate the order dismissing the appeal against Jacobellis in which the appeal bond was given. This motion was also denied. Tarallo then sued out a writ of error on the appeal bond action. Upon a hearing the judgment was affirmed by this court. See *L. W. Hubbell Fertilizer Co. v. Jacobellis,* 199 Ill. App. 379. After the rendition of the judgment by this court a petition for a rehearing was filed and denied, and a petition for a certificate of importance and an appeal to the Supreme Court was also made and denied. A petition was then filed in the Supreme Court for a writ of certiorari, which the Supreme Court dismissed for want of jurisdiction. Jacobellis then filed a bill in the Superior Court to enjoin a sale under the judgment entered in the appeal bond action. A motion for an injunction in that case was denied, whereupon Tarallo filed a petition in the United States Supreme Court for a writ of certiorari to this court, which petition was denied. Tarallo then filed a bill in the United States District Court in Chicago seeking to vacate the

judgment affirmed by this court and for an injunction, which bill Tarallo afterwards dismissed. An execution was issued on the appeal bond judgment and levied upon real estate of Tarallo, which real estate was sold by the sheriff to Walter Brown and a certificate of sale thereon issued to him. Then came the bill to which the demurrer of defendants was sustained and the same dismissed for want of equity, from which decree this writ of error is prosecuted.

The following most unusual statement is made by complainant's counsel in his brief before us:

"The case at bar is possibly the most peculiar ever presented for review to a court of appellate jurisdiction in the United States. It is so peculiar that no law could be found to apply to it in statutes or reports. But there is the law of common sense which supplies the deficiency."

The difficulty lies with counsel and is of his own creation. The principles of both law and procedure applicable to the conditions of this cause are well settled and can be found in the books; they have been judicially pronounced by this court in two opinions filed in the cases in the 195 and 199 volumes of the reports of this court, *supra.* The law of common sense invoked by counsel seems to have been avoided by him or else the many tribunals to which he has appealed are very dense. He has run the race with this little case from the Municipal Court of Chicago through the State courts of review, the chancery jurisdiction of the Federal District Court, and the *nisi prius* courts of chancery jurisdiction in Chicago, and has likewise appealed to the United States Supreme Court at Washington for a writ of certiorari to this court, in all of which he uniformly failed of success and in none of which did he ever obtain one favorable ruling. Surely, it must occur to counsel after such experiences that his case is without merit and his contentions not well made.

Some matters of an impertinent and scandalous nature are found in the bill, one of which attacks a for-

mer member of this court who has since gone to his final reward full of years and honors, with the affection of his associates on the bench and the respect and admiration of the bar who practiced before him. We shall not further notice this matter except to say that every word found regarding the same is false, unwarranted and without the slightest semblance of support either in fact or by the record.

A point is made that the cause was first assigned to a branch of this court and the order of assignment subsequently vacated, and therefrom an inference of irregularity is indulged by counsel, which inference is entirely unwarranted. While the fact of assignment and vacation is as stated, the order of vacation was made in pursuance of the well-settled practice of this court in like matters. A cause which has previously been in this court is on subsequent appeals assigned to that branch of the court which decided the case on prior review. If, however, through inadvertence such case is assigned to a branch of the court other than the one which so considered and decided it, the assignment is, with the consent of the branch to which the cause was assigned, vacated.

The matter involved in the case reported in 199 Ill. App. 379 is practically the same as that involved and decided by this court in 195 Ill. App. 410; hence the vacation of the original order of assignment.

The questions of the validity of the judgment upon the appeal bond sought to be overcome and the annulment of the sale on execution thereunder were decided by this court in 199 Ill. App. 379. All the parties to the appeal bond were then before this court and their rights adjudicated in that case, which adjudication is not now open to challenge by any of the parties to the record. Every matter material to a defense which could have been urged on that appeal, and every question now before the court on this writ of error was argued and advantaged of there.

An inspection of the proceedings reveals no irregularity in any respect. The court had jurisdiction of the parties and of the subject-matter of the cause, and its decision settled all the rights of the parties and is consequently a bar to any further relief. It is not only a question of what was presented to us for adjudication in that case, but what might have been so presented, and everything which could have been urged must be held, under the doctrine of *res adjudicata* to have been included in the decision and the controversy forever settled. As said in *Barrett v. Chicago Terminal Transfer R. Co.*, 271 Ill. 642:

"The affirmance of the judgment determined adversely to the appellant * * * all questions that could have been raised in the case, as well those going to the jurisdiction as those going only to the regularity of the proceedings. Such affirmance finally adjudicated that the trial court had jurisdiction of the subject-matter and of the parties and had proceeded in all respects according to law. The record was not thereafter subject to attack, whether collateral or direct."

The *Barrett* case, *supra,* is on principle and fact akin to the case before us.

The judgment before us for review has already been reviewed and our judgment on that review is not only binding on all the parties but on this court. The judgment is not subject to collateral attack; and the power to attack it further on direct proceeding has been exhausted. Every phase of the litigation here projected has been decided upon the merits of each particular case, and there has been so little doubt concerning these merits that all the various courts appealed to are a unit in their holdings. There is neither law, merit nor common sense in complainant's defenses.

The decree of the Superior Court dismissing complainant's bill for want of equity is affirmed.

*Affirmed.*