THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DENNIS M. ENRIGHT, Defendant-Appellant.

(No. 54187;

First District—September 28, 1971.

Bernard N. Brody, and William J. Nellis, of Chicago, for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Michael J. Goldstein, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Defendant waived a jury, was tried by the court and found guilty of deceptive practices in violation of Section 17—1 of Chapter 38 of the Illinois Revised Statutes (1967). The pertinent part of that law provides as follows:

"A person commits a deceptive practice when, with intent to defraud:

*   *   *

(e) He obtains, or attempts to obtain property   *   *   *   by any of the following means:

(1) He uses a credit card which was issued to another, without the other's consent."

After a hearing in aggravation and mitigation the defendant was sentenced to serve 90 days in the House of Correction. On appeal he contends (1) that the State failed to establish guilt beyond a reasonable doubt, and (2) that the trial court erred in admitting in evidence a credit card allegedly used by the defendant without permission of the owner. The facts follow.

The first of four witnesses who testified on behalf of the State was Miss Zino, a saleswoman in the glove department of Marshall Field & Company's store at 111 North State Street, Chicago. She testified that on December 24, 1968 she sold defendant pair of gloves. Defendant handed her a credit card and a sales slip was prepared on which defendant signed the name printed on the card. The State introduced Plaintiff's Exhibit A for identification, which was a credit card identified by Miss Zino as the one presented to her by the defendant. She testified that she notified "Special services" of her credit sale to the defendant and that Charles Brown, a store detective, responded to her call.

Charles Brown testified that he was employed by Marshall Field & Company as a part-time store detective, that as he approached the glove counter in answer to the call, he saw defendant running down a main aisle in the store. Brown talked with Miss Zino and then pursued the defendant, whom he apprehended outside the store.

Robert R. Brinkman testified that the Marshall Field & Company credit card marked Plaintiff's Exhibit A for identification was received by him in the mail after he had applied for a credit card. He stated that although his name was printed on the credit card, he had never used the card nor had he signed it. He testified that he had never seen

defendant before nor had he ever given him permission to use the card. Plaintiff's Exhibit A for identification was admitted in evidence over the defendant's objection that it had not been sufficiently identified.

Mrs. Nancy Brinkman testified that she was the wife of Robert R. Brinkman and that on December 2, 1967 she lost a Marshall Field & Company credit card bearing her husband's name. The State then rested its case. Defendant chose to rest his case without calling any further witnesses and the court thereupon entered a finding of guilty. We proceed to a consideration of defendant's first point.

He argues that the evidence presented by the State fails to establish two essential elements of the offense with which he is charged: (1) an intent to defraud, and (2) that he had ever used a credit card "issued" to another.

■■ It is well established that intent is a state of mind which, if not admitted, can be shown by surrounding circumstances. (*People v. Coolidge*, 26 Ill.2d 533, 187 N.E.2d 694.) In the instant case the evidence reveals that defendant sought to purchase a pair of gloves by using a credit card bearing the name of Robert R. Brinkman, that he signed Brinkman's name to the sales slip, that Brinkman had not consented to his use of the card and that he (defendant) ran from the scene while the sales clerk was awaiting the arrival of a store detective. These circumstances sufficiently establish defendant's fradulent intent.

■■ Defendant also contends that the evidence does not establish that the credit card here involved was ever "issued to another." He argues that issuance can only be established through direct testimony that Marshall Field & Company actually distributed the card to Robert Brinkman and that "mere testimony of receipt" is insufficient. As before stated, Robert Brinkman testified that he received the credit card marked Plaintiff's Exhibit A after he had made an application therefor to Marshall Field & Company. The top portion of the card was green and written thereon in white script letters was the name, "Marshall Field & Company." Also printed clearly on the face of the card was the name Robert R. Brinkman. Evidence that a credit card was received in the due course of mail delivery and in response to an application is probative of issuance to the addressee. (See *L. W. Hubbell Fertilizer Co. v. Jacobellis*, 195 Ill.App. 410; Wigmore, Evidence, VII, § 2153, p. 611 (3rd Ed. 1940); McCormick, Evidence, § 192, p. 404 (1954).) The trial court properly concluded that the credit card used by the defendant had been issued to Robert R. Brinkman by Marshall Field & Company.

■■ Defendant's contention that the credit card should have been excluded from evidence on the ground that it had not been sufficiently

identified is without merit. Robert Brinkman testified that Plaintiff's Exhibit A for identification, which was a Marshall Field & Company credit card bearing his name, was received by him in response to his application. That testimony, obviously believed by the trial court, established the fact that the credit card subsequently used by defendant belonged to Robert Brinkman. In a trial without a jury the credibility of a witness is for the court to decide and its determination of the issue will not be lightly set aside.

The judgment of the trial court is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and STAMOS, J., concur.