E. DOHERTY, Appellant, *vs.* SCHIPPER & BLOCK, Appellee.

*Opinion filed April 19, 1911.*

1. CONTRACTS—*right of a discharged employee to recover for breach of contract.* Where one employed for a fixed period is discharged without cause and is paid in full up to the time of his discharge he may treat the contract as continuing in force and bring an action for breach thereof, and if such suit is not begun, or if begun before is not tried, until after the term of employment has expired, he may recover the contract price of his wages for the unexpired term, less what he has earned or by the exercise of reasonable diligence could have earned since his discharge.

2. SAME—*theory of recovery for constructive services has been generally abandoned.* The theory of constructive services, under which a wrongfully discharged employee was permitted to bring successive suits and recover each installment of wages as it fell due for the unexpired term of the contract of employment, has been generally abandoned.

3. SAME—*a discharged employee must recover all damages in one suit.* An employee who has been wrongfully discharged before his contract of employment has expired may maintain only one action for breach of the contract and must recover in that action all damages resulting from the wrongful discharge, and one recovery is a bar to future actions for such damages.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

LUTHER C. HINCKLE, for appellant:

Where, under a contract for personal services, the wages are payable in installments, and before the term of services expires the master dismisses the servant without

his fault and the wages are paid to the time of dismissal, he may keep the contract in force and recover the successive installments as they severally fall due. *Cemetery Ass'n* v. *Weidenmann*, 139 Ill. 67; *Hamlin* v. *Race*, 78 id. 422; *Moore* v. *Kelley*, 111 Ga. 371; *Williams* v. *Luckett*, 77 Miss. 394; *Huntington* v. *Railroad Co.* 33 How. Pr. 416.

This recovery may be had under the rule of constructive service. *McEvoy* v. *Bock*, 37 Minn. 402; *Sterling* v. *Bock*, id. 29; *Horn* v. *Land Ass'n*, 22 id. 233; *Dodge* v. *Rogers*, 9 id. 223; *Building Society* v. *Lawton*, 49 id. 362; *Kahn* v. *Kahn*, 24 Neb. 709; *Beck* v. *Devereaux*, 9 id. 109; *Hallack* v. *Gagnon*, 4 Colo. App. 360; *Huntington* v. *Railroad Co.* 33 How. Pr. 416; *Weiler* v. *Henaric*, 15 Ore. 28; *Burritt* v. *Belfy*, 47 Conn. 323; *Badger* v. *Titcomb*, 15 Pick. 409; *Gordon* v. *Brewster*, 7 Wis. 355; *Booge* v. *Railroad Co.* 33 Mo. 212; *Isaac* v. *Davies*, 68 Ga. 169; *Armfield* v. *Nash*, 31 Miss. 361; *Colburn* v. *Woodworth*, 31 Barb. 381; *Wilkinson* v. *Black*, 80 Ala. 329; *Holloway* v. *Talbot*, 70 id. 389; *Fowler* v. *Armour*, 24 id. 199; *Liddell* v. *Chidester*, 84 id. 508; *Strauss* v. *Meertief*, 64 id. 299; *LaCousier* v. *Russell*, 82 Wis. 256; *School District* v. *Dreutzer*, 51 id. 153; *Howe* v. *Harding*, 84 Tex. 74; 76 id. 19.

The adoption of this rule is directly held in *Cox* v. *Bearden*, 84 Ga. 34, *Allen* v. *Engineers' Co.* 196 Pa. 512, and *Marx* v. *Miller*, 134 Ala. 347.

A contract of employment for a year at a specified salary per month, payable monthly, is equivalent to as many contracts as there are periods of payment; and where an employee is discharged and a recovery is had for the first month's wages, such recovery is no bar to a subsequent action for a balance of wages subsequently becoming due. *Williams* v. *Luckett*, 77 Miss. 394; *Isaac* v. *Davies*, 68 Ga. 169; *Armfield* v. *Nash*, 31 Miss. 361; *Allen* v. *Text Book Co.* 201 Pa. 579; *Allen* v. *Engineers' Co.* 196 id. 512.

The recovery may also be had on the theory of indemnity for loss of wages accruing by installments on successive contingencies, which is the rule now usually applied by the courts which adopt the doctrine of constructive service. *McMullan* v. *Dickinson Co.* 60 Minn. 156.

PAGE, WEAD, HUNTER & SCULLY, for appellee:

Where a servant is hired for a fixed period and is discharged without cause during the term, he must resort to a special action for the breach of the special agreement of hiring. The servant's damages result from a breach of the contract in consequence of the wrongful dismissal. Since the services have never been performed, *indebitatus assumpsit* for work and labor done cannot be maintained. The servant's remedy is necessarily for the recovery of damages, and not for wages as such. *Hull* v. *Heightman,* 2 East. 145; *Smith* v. *Hayward,* 7 A. & E. 544; *Archard* v. *Horner,* 3 C. & P. 349; *Hartley* v. *Harman,* 11 A. & E. 798; *Trustees* v. *Shaffer,* 63 Ill. 244; *Parmly* v. *Farrar,* 169 id. 606; *Russell* v. *Gilmore,* 54 id. 147; *Insurance Co.* v. *Baker,* 85 id. 410; *Higgins* v. *Lee,* 16 id. 495; *Algeo* v. *Algeo,* 10 S. & R. 235; *Cemetery Ass'n* v. *Weidenmann,* 139 Ill. 75; *Saxonia Co.* v. *Cook,* 7 Colo. 569; *Hearne* v. *Garrett,* 49 Tex. 619; *Chase* v. *Alaska Light Co.* 2 Alaska, 82; *Murray* v. *O'Donahue,* 96 N. Y. Supp. 335; *Fulton* v. *Heffelfinger,* 54 N. E. Rep. 1079; *Fulton* v. *Farber,* 62 N. Y. Supp. 742.

A servant wrongfully discharged before the expiration of the period of hiring has only three remedies: (1) He may sue at once for a breach of the contract and recover his damages up to the time the suit is brought, in which case judgment will be a bar to any further action; (2) he may wait till the end of the contract period and then sue for his damages caused by the breach; (3) he may treat the contract as rescinded and sue immediately on a *quantum meruit* for the services performed, in which case he

can recover only for the time he actually served. He can not treat the contract as existing and sue at each period of payment after the discharge, to recover the installment provided for by the contract, upon an averment of readiness to perform and upon the theory of constructive service. *Archard* v. *Horner,* 3 C. & P. 349; *Smith* v. *Hayward,* 7 A. & E. 544; *Elderton* v. *Emmons,* 6 C. B. 178; *Fewings* v. *Tisdal,* 1 Exch. 295; *Stone* v. *Bancroft,* 112 Cal. 653; *Sans Automatic C. C. Co.* v. *League,* 25 Colo. 129; *Richardson* v. *Eagle Works,* 78 Ind. 422; *Hinchcliff* v. *Koontz,* 121 id. 422; *Hamilton* v. *Love,* 152 id. 642; *Wood* v. *Morgan,* 6 Bush, 507; *Chamberlin* v. *McCalister,* 6 Dana, 352; *Olmstead* v. *Bach,* 78 Md. 132; *Smith* v. *Lock Co.* 4 N. J. L. 312; *Howard* v. *Daly,* 61 N. Y. 362; *Perry* v. *Dickerson,* 85 id. 345; *Glass Co.* v. *Stoehr,* 54 Ohio St. 226.

The contract between appellant and appellee was an entire contract, and there can be but one action to recover damages for the breach of such a contract. *Norrington* v. *Wright,* 115 U. S. 188; *Pakas* v. *Hallingshead,* 184 N. Y. 211; *Railway Co.* v. *Nichols,* 57 Ill. 464; *Leopold* v. *Salkey,* 89 id. 412; *Larkin* v. *Hecksher,* 51 N. J. L. 133; *Rosenmueller* v. *Lampe,* 89 Ill. 212; *Carmean* v. *North American T. & T. Co.* L. R. A. (N. S.) 595; *Olmstead* v. *Bach,* 78 Md. 131; 1 Sutherland on Damages, (3d ed.) 312.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action commenced by E. Doherty against Schipper & Block, a corporation, before a justice of the peace in Peoria county, to recover for eight weeks of service, at $25 per week, rendered by the plaintiff to the defendant as a milliner trimmer in its store, in the city of Peoria. The plaintiff recovered judgment for $200. The defendant appealed to the circuit court, where the case was tried before the court without a jury, and plaintiff recovered in that court judgment for $200. Schipper & Block

prosecuted an appeal to the Appellate Court for the Second District, where the judgment of the circuit court was reversed without remanding the cause, and a certificate of importance having been granted, the appellee in the Appellate Court has prosecuted an appeal to this court.

It appears from the evidence that the appellant was employed by the appellee for eighteen weeks at $25 per week, payable weekly. At the end of the ninth week the appellant was discharged, as she claims, without cause. On the day she was discharged she was paid in full. She returned on the day following her discharge and offered to continue work but was refused permission to work. At the end of the following week she brought suit before a justice of the peace for one week's wages and recovered a judgment for $25 and costs, which appellee paid, a transcript of which judgment was introduced in evidence on trial of this case.

The trial court refused to hold the following proposition of law offered by the defendant: "The court holds that the recovery of the judgment and a satisfaction of the same, as shown in the evidence in this case, in the suit formerly brought by the plaintiff against the defendant before William Fielder, then a justice of the peace in and for Peoria county, Illinois, is a bar to the plaintiff's right of action in this case, and the plaintiff cannot recover in this suit, and the finding must be for the defendant."

The sole question raised in this court and argued in the briefs filed by the respective parties is, was the first judgment rendered by the justice of the peace a bar to this action?

It is well settled that in case an employee is discharged without cause before his term of employment has expired and he has been paid in full up to the time when he is discharged, he may treat the contract of hiring as continuing and bring an action for a breach of the contract of employment against his employer for discharging him, and if the suit is not commenced, or if commenced before but not

tried, until his term of employment has expired, he may recover the contract price of his wages, less what he has earned or by reasonable diligence could have earned in other employment subsequent to his discharge. (*Mount Hope Cemetery Ass'n* v. *Weidenmann*, 139 Ill. 67.) There is a class of cases which holds this remedy is not exclusive, but that, in addition to such remedy, the employee, where his wages, by the terms of the contract, are payable in installments, may bring an action for each installment of wages as it falls due, subsequent to his wrongful discharge, and that the recovery on one installment is not a bar to the recovery on subsequently accruing installments. (*Gandell* v. *Pontigny*, 4 Camp. 375.) The recovery for each installment of wages allowed in the class of cases referred to, as it falls due, is based upon the theory of constructive service, and while the right of a recovery was thus permitted for a time in England and in the courts of some of the States in the Union, that theory of recovery has been abandoned in England, (*Archard* v. *Horner*, 3 C. & P. 349; *Smith* v. *Hayward*, 7 Ad. & Ell. 544; *Fewings* v. *Tisdal*, 1 Exch. 295;) and quite generally in this country. *James* v. *Allen County*, 44 Ohio St. 226; *Howard* v. *Daly*, 61 N. Y. 362; *Richardson* v. *Eagle Machine Works*, 78 Ind. 422; *Olmstead* v. *Bach & Son*, (Md.) 22 L. R. A. 74.

This court does not seem to have passed specifically upon the precise question presented here for decision, although in dealing with other questions growing out of the relations which exist between employer and employee the court has at times used language which might indicate a recovery could be had for the several installments of wages as they fall due, while at other times expressions have been used by the court which would indicate that such recovery could not be had. (*Hamlin, Hale & Co.* v. *Race*, 78 Ill. 422; *Mount Hope Cemetery Ass'n* v. *Weidenmann*, *supra*.) We have examined the numerous cases bearing upon the subject which have been cited in the briefs, and are of the

opinion that upon principle the only action which logically can be maintained, upon the facts of this case, against the appellee, is an action for the breach of the contract of employment growing out of the wrongful discharge of the appellant, and that all damages resulting from such breach must be recovered in one action, and that after one recovery has been had that recovery is a bar to all future actions based upon the contract of employment or growing out of the relation of employer and employee by reason of the wrongful discharge of appellant.

We think the doctrine of constructive service, as applied to a case like this and where used as a basis of recovery, is illogical and unsound. This court has universally held that the proper measure of damages in a case like this is the contract price, less what the employee earned or could have earned. That being so, if the discharged employee can find employment it is his duty to accept it. How can it then be said that while he is performing service for another person he is constructively engaged in the employ of the employer by whom he was discharged? The result of this doctrine would be that the employee was actually performing service for one person while he was constructively performing service for another. The only true basis upon which an action like this can rest is for damages for breach of contract, and as the breach of contract occurs at the time of the discharge the cause of action is then complete, and such cause of action cannot be split up but all the damages must be recovered in one judgment and in the first action, and this being true, no subsequent action can be based upon the cause of action which has been merged in the first judgment. We therefore conclude that the judgment recovered before the justice of the peace was a complete bar to the subsequent action.

The conclusion of the Appellate Court was correct, and its judgment will be affirmed.    *Judgment affirmed.*