Harry Greenwald, Defendant in Error, v. Sebastian Ruby and Aaron Gvirman, as S. Ruby & Co., Plaintiffs in Error.

Gen. No. 18,234.

1. FORMER ADJUDICATION—*judgment as bar to second suit.* There is a distinction between the effect of a judgment as a bar or estoppel to a second suit for the same cause of action and its effect as an estoppel where the same question is again brought in issue in another suit between the same parties upon a 'different cause of action.

2. FORMER ADJUDICATION—*where causes are not the same.* Where plaintiff sues in one case for breach of contract for his discharge and in another to recover the salary due under the terms of the contract, the causes of action are not the same.

3. FORMER ADJUDICATION—*where parties are the same.* Where some controlling fact or question has been adjudicated in a former suit and is again at issue between the same parties, its adjudication in the first is conclusive in the latter, irrespective of whether the cause of action is the same in both suits.

4. ESTOPPEL BY VERDICT—*where facts to be proved are not the same.* Where plaintiff sues in one case for breach of contract for his discharge and fails to prove that he was discharged, this does not prove in another action for salary due under the contract that he quit voluntarily, and there is no estoppel by verdict.

5. JUDGMENT—*when causes of action are not merged.* In an action on a contract of employment, a recovery for instalments due does not bar another suit for instalments that subsequently fall due.

6.   JUDGMENT—*when causes of action are merged.*   Where plaintiff sues for damages for breach of contract for wrongful discharge and recovers, the judgment is a bar to all future actions upon such contract of employment; but not when he does not recover.

Error to the Municipal Court of Chicago; the Hon. CHARLES E. JENNINGS, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1912.   Affirmed.   Opinion filed March 25, 1913.

DELLENBACK, RIESE & CODY, for plaintiffs in error.

PERCIVAL STEELE, for defendant in error; HARVEY L. CAVENDER, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

The parties herein entered into a written contract whereby plaintiff in the suit below was to work for defendants for the year 1910, as a salesman, for $2,500, and was to be paid monthly on the 15th of each and every month $208, and the balance of the $2,500 December 15th.   Plaintiff brought the suit for the salary due under said contract for the month of December, 1910.

In their affidavit of defense the defendants claimed that all differences between them had been adjusted in a previous suit.

On December 6, 1910, plaintiff brought another suit in the Municipal Court against defendants on said contract for his salary due for the months of September, October and November, and for damages for wrongful discharge from their employment about December 1st. In their defense thereto defendants claimed that he was not discharged but voluntarily quit at the end of November.   The evidence bearing upon that issue is not shown in this record.   It shows that that was one of the issues, that the jury was instructed that plaintiff could not recover for salary for the month of December, that judgment was rendered for $595, presumably

for what was due as salary for the other months, and that said judgment was satisfied.

The first suit was tried in May, 1911, and had plaintiff proved the breach of contract alleged he could have recovered as damages the salary for the full month of December, less what he could have earned in other employment subsequent to his discharge. Doherty v. Schipper & Block, 250 Ill. 128. In view of the instruction given in that suit, it is apparent that he did not maintain his contention that he had been discharged, and it does not appear that defendants sustained theirs that he voluntarily quit. He may neither have been discharged nor have quit their employment. In Wright v. Griffey, 147 Ill. 496, it was said:

"There is a well-founded distinction between the effect of a judgment as a bar or estoppel to the prosecution of a second suit for the same cause of action, and its effect as an estoppel where the same question is again brought in issue in another suit between the same parties upon a different cause of action. Where the former adjudication is relied upon as an absolute bar to a subsequent action, it must be shown that the cause of action and thing to be recovered are the same in both proceedings."

It is apparent that the cause of action in the two suits was not the same. The former was for a breach of contract for plaintiff's discharge, the latter to recover the salary due under the terms of the contract. But, as stated in said opinion,

"Where, however, some controlling fact or question material to the determination of both of the causes has been adjudicated in the former suit by a court of competent jurisdiction, and the same fact or question is again at issue between the same parties, its adjudication in the first will, if properly presented, be conclusive of the same question in the later suit, irrespective of whether the cause of action is the same in both suits or not. The latter is in some of the cases designated as an estoppel by verdict."

If it is defendants' contention that the evidence in the former suit showed that plaintiff not only was not

discharged but voluntarily quit his employment and was for that reason found not entitled to his salary for December, then they failed to prove it. For aught that appears in the record, plaintiff's failure to recover damages for breach of contract was due simply to his failure to prove that he was discharged and not to any proof that he had quit their employment, and it may have appeared that he was ready to carry out his part of the contract. We do not think therefore that the proof shows an estoppel by verdict.

If not discharged and he did not quit his employment and stood ready to perform, he would be entitled to recover his December salary, for, as far as the record shows, the only thing conclusively decided in the former case was that he was not wrongfully discharged and not permitted to/collect his December salary as damages for a breach/ of contract.

But it is claimed that all causes of action on the contract merged in the first judgment. "The law is well settled, that, on a contract for the payment of money by instalments, *assumpsit* will usually lie to recover each instalment as it falls due, without waiting for the last to mature." Hamlin, Hale & Co. v. Race, 78 Ill. 422. When plaintiff brought his former action, the December instalment was not due, but the instalments for previous months were. A recovery for instalments due is not a bar to a suit for instalments that subsequently fall due. But where the plaintiff brings his suit for damages for breach of contract for wrongful discharge and recovers, the judgment is a bar to all future actions based upon such contract of employment. Doherty v. Schipper & Block, *supra.*

The only question remaining to be considered is whether the verdict and judgment were against the preponderance of the evidence. Plaintiff claimed that he was notified by defendants in the beginning of December that they would send for him if they wanted him, and he stood ready to respond to their call. De-

fendants denied making any such arrangement and claimed that plaintiff left of his own accord. The determination of the real fact was submitted to the jury, and we cannot say that its verdict was against the weight of the evidence.

The judgment will be affirmed.

*Affirmed.*