DAVID BARRETT, Appellant, *vs.* THE CHICAGO TERMINAL TRANSFER RAILROAD COMPANY *et al.* Appellees.

*Opinion filed February 16, 1916.*

1. EJECTMENT—*effect of affirmance of judgment in ejectment.* The affirmance by the Supreme Court of a judgment in ejectment determines adversely to the appellant all questions that could have been raised in the case, as well those going to the jurisdiction as those going to the regularity of the proceedings, and the record is not thereafter subject to attack, whether collateral or direct.

2. SAME—*when a bill to enjoin execution of writ of possession cannot be maintained.* Where a judgment against the defendant in an ejectment suit has been affirmed by the Supreme Court the defendant is not entitled to maintain a bill to enjoin the execution of a writ of possession on the ground that the verdict in the ejectment suit does not specify the estate established by the plaintiff.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

P. R. BOYLAN, for appellant.

JESSE B. BARTON, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Chicago Terminal Transfer Railroad Company recovered a judgment against David Barrett in an action of ejectment for certain real estate in Cook county and caused

a writ of possession to be issued.   Thereupon Barrett filed a bill to enjoin the execution of the writ on the ground that the verdict did not specify the estate established by the plaintiff on the trial and that the judgment based on such a verdict was therefore void.   The complainant had appealed from the judgment in the ejectment suit and it had been affirmed.   (*Chicago Terminal Transfer Railroad Co. v. Barrett*, 265 Ill. 46.)   The affirmance of the judgment determined adversely to the appellant, the defendant in that case, all questions that could have been raised in the case, as well those going to the jurisdiction as those going only to the regularity of the proceedings.   Such affirmance finally adjudicated that the trial court had jurisdiction of the subject matter and of the parties and had proceeded in all respects according to law.   The record was not thereafter subject to attack, whether collateral or direct.   The objection to the verdict did not, however, go to the jurisdiction,—that is, to the authority of the court to hear and determine the cause.   The circuit court having authority to hear and determine cases in ejectment and having obtained jurisdiction of the persons of the parties, no irregularity in the proceedings, however erroneous, resulting in a judgment for one party or the other as to the right to the possession of the property involved, will render the judgment void.   Such a judgment is binding on the parties and on every other court unless reversed or annulled in a direct proceeding.   (*Miller* v. *Rowan*, 251 Ill. 344.)   The judgment in the ejectment suit is not subject to collateral attack.   In a direct attack it has been affirmed.   It is therefore binding on the appellant, and his bill seeking to enjoin its enforcement was properly dismissed.        *Decree affirmed.*