(No. 17769.—

GEORGE H. PHELPS, Defendant in Error, *vs.* THE CITY OF CHICAGO, Plaintiff in Error.

*Opinion filed June 23, 1928.*

FRANCIS X. BUSCH, Corporation Counsel, (FRANK T. HUENING, of counsel,) for plaintiff in error.

WYMAN, HOPKINS, McKEEVER & COLBERT, (AUSTIN L. WYMAN, of counsel,) for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

On June 12, 1923, defendant in error, George H. Phelps, filed his bill for partition in the superior court of Cook county against the city of Chicago and Ida Phelps Wyman, also praying for the removal of certain tax deeds as clouds on the title. Ida Phelps Wyman defaulted, an answer was filed by the city, upon a hearing a decree was entered as prayed, and a writ of error has been prosecuted from this court by the city.

The bill alleged that defendant in error and Ida Phelps Wyman were the owners of certain real estate in Chicago which was vacant and unoccupied. On various dates from 1909 to 1914 five tax deeds were issued to the city for the non-payment of assessments levied against the property, which deeds were recorded. On October 28, 1913, defendant in error began an action of ejectment in the circuit court of Cook county against the city and others alleging that he was the owner of the premises in fee simple. On May 1, 1919, a verdict was returned in his favor and judgment was entered. On May 22, 1920, the judgment was vacated, and on November 11, 1920, on a second trial, a verdict was returned and judgment entered in favor of defendant in error, finding that he was the owner in fee simple. The city was served with summons in the ejectment suit and appeared and pleaded to the declaration. The judgment in the ejectment suit made no provision for reimbursing the city on account of the tax deeds, by reason whereof it was alleged that the city was barred from asserting any claim to reimbursement for taxes unpaid, as evidenced by the tax deeds. The bill alleged that the city gave

out and pretended that the judgment in the ejectment suit was not a final adjudication barring all claims of the city and that the city had a lien on the premises for the amount of the tax deeds, with interest, and was entitled to be reimbursed; that said false claims by the city constituted a cloud upon the title, tending to depreciate the value of the real estate and render it unsalable. The prayer was that the interest of the parties be determined and the city be perpetually enjoined from claiming that the judgment in the ejectment suit was not a final adjudication of all claims of the city under the tax deeds, that the cloud created by the false claim of the city be set aside and that commissioners be appointed to make partition. The city filed its answer to the bill, alleging that it had five tax deeds; that the proceedings upon which they were based were regular, valid and legal, and that $1467.23 was then due the city on said deeds. It denied having made any false claims as to its lien or right to reimbursement and asked for strict proof of the ownership. The case was referred to a master, who found that the tax deeds were duly issued; that on November 11, 1920, a final judgment was rendered in the ejectment suit, finding that defendant in error was the owner in fee simple of the premises, which finding and judgment were still in full force and effect; that no part of the amount due the city on the tax deeds had been paid, and there remained due and unpaid to the city on February 1, 1924, $1423.87; that said tax deeds were issued upon tax sales; that in the ejectment suit the city was served with summons, appeared and pleaded to the declaration, and by reason of the fact that the final judgment in the ejectment suit made no provision for reimbursement to the city on account of the tax deeds the city was forever barred from asserting any claim for reimbursement; that the city could not in an affirmative manner maintain its action against defendant in error or against the premises for reimbursement; that any claim it had should have been, and presumably was, presented upon

the trial of the ejectment suit, and that judgment is *res judicata* against the city and it cannot be heard in this proceeding to show otherwise. The chancellor sustained the report of the master and a decree was entered affirming his findings. The cloud upon the title arising by reason of the claim of the city for reimbursement was removed and the city was perpetually enjoined from claiming or asserting any title or interest in the premises or any claim for reimbursement on account of any of the tax deeds. Defendant in error and Ida Phelps Wyman were decreed to be the fee simple owners in equal parts and the costs were assessed against the city. Later defendant in error conveyed all his interest in the premises to Ida Phelps Wyman, and an order was entered December 5, 1924, waiving execution of the decree appointing commissioners.

The principal question for determination is whether the judgment in the ejectment case was *res judicata* as to the validity of the tax deeds and relieved defendant in error in the partition suit of the necessity of paying to the city the amount due thereon as a condition precedent to the entry of the decree removing the tax deeds as clouds on the title.

The removal of tax deeds as clouds on the title to real estate is governed by section 224 of the Revenue act. This section was amended July 1, 1919. The ejectment suit was filed prior to the amendment but the final judgment was entered over sixteen months after the amendment. In an action of ejectment only legal titles can be considered, and unless the plaintiff shows a good legal title in his favor he is not entitled to a judgment regardless of any question of equities. (*McFall* v. *Kirkpatrick,* 236 Ill. 281.) In *Glos* v. *Patterson,* 195 Ill. 530, it was held that it is not necessary in an action of ejectment that the judgment in favor of the plaintiff be conditioned upon the re-payment of taxes to the holder of a tax deed. Section 224 before its amendment has been held to have no application to an action of ejectment, but it relates to equitable proceedings instituted for

the purpose of setting aside tax deeds; that it was not the purpose of that section of the statute to change an action of ejectment into a chancery proceeding or to confer any new or enlarged jurisdiction upon courts of law. (*Riverside Co.* v. *Townshend,* 120 Ill. 9.) Before the amendment it was held that the holder of an invalid tax deed is only entitled to reimbursement when his tax title is attacked and the deed set aside in a proceeding brought for that purpose by the owner of the land. (*City of Chicago* v. *Pick,* 251 Ill. 594; *Gage* v. *Eddy,* 186 id. 432; *Miller* v. *Cook,* 135 id. 190.) Under these authorities, if the judgment in the ejectment suit had been rendered before the amendment of section 224 on July 1, 1919, the tax deeds could not have been set aside and the judgment could not have been conditioned upon defendant in error reimbursing the city for the amount due on the deeds, hence such a judgment could not have been *res judicata* in the partition proceeding.

The amendment of 1919 is as follows: "No final judgment or decree of court in any case, either at law or in equity or in proceedings under the Eminent Domain act involving the title to or interest in any land in which such party holding such tax deed shall have an interest or setting aside any tax deed procured under this act shall be entered until the claimant shall make reimbursement to the party holding such tax deed and payments as herein provided in so far as it shall appear that the holder of such deed or his assignors shall have properly paid or be entitled to in procuring such deed." (Laws of 1919, p. 762.)

It is insisted by defendant in error that the effect of this amendment was to confer upon courts of law jurisdiction to provide for reimbursement in actions at law where tax deeds are set aside. In *City of Chicago* v. *Collin,* 302 Ill. 270, which was a condemnation suit, it was held that this amendment applies only to void tax deeds and it does not require reimbursement to be made until the claim thereon is established. In *Mather* v. *Parkhurst,* 302 Ill. 236, which

was an ejectment suit, it was held that this amendment applies in an action of ejectment so as to require reimbursement to a city for tax deeds acquired by it even though the plaintiff acquired title and the tax deeds were issued before the amendment took effect. Under this last authority a court of law in an ejectment suit has the right to provide in its judgment for the reimbursement of the holder of invalid tax deeds. In the case at bar the judgment in the ejectment suit was rendered after this amendment went into effect, therefore the court had jurisdiction in the ejectment suit to provide for the reimbursement of the city, which it did not do.

Section 34 of chapter 45 of our statutes provides that "every judgment in the action of ejectment shall be conclusive, as to the title established in such action, upon the party against whom the same is rendered." A judgment in ejectment is conclusive against attack, either collateral or direct, as to all questions which could have been raised in the case. (*Barrett* v. *Chicago Terminal Transfer Co.* 271 Ill. 642.) The rule of *res judicata* embraces not only what actually was determined in the former case between the same parties or their privies, but it extends to any other matters properly involved which might have been raised and determined. (*Marie Church* v. *Trinity Church,* 253 Ill. 20; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 247 id. 340; *Phelps* v. *City of Mattoon,* 177 id. 169.) The rule of *res judicata,* or estoppel by judgment, where there is no want of jurisdiction, is operative whether the judgment be erroneous or not. *Jenkins* v. *International Bank,* 111 Ill. 462; *McFall* v. *Kirkpatrick, supra.*

In the ejectment suit the city was served with a summons, it appeared by its attorneys and filed a plea. It had a right in that case to raise any question which the court had jurisdiction to determine. One of the questions which the court had jurisdiction to determine was the question of the right of the city to be reimbursed in the amount due on

the tax deeds. This question was not adjudicated but a judgment was entered which found that the city was guilty of unlawfully withholding from defendant in error the possession of the premises described in the declaration and that he was the owner of the premises in fee simple absolute in his own right and was entitled to the immediate possession of the same. This judgment embraced not only what actually was determined in the ejectment suit, but it also extended to any other matter properly involved which might have been raised and determined.

It is insisted by the city that the provisions of the statute with reference to setting aside tax deeds is mandatory and that no tax deed can be set aside unless provision is made for the reimbursement of the holder thereof. The city, if it saw fit, had the right to waive the reimbursement, and if it did not insist thereon it was barred in a subsequent proceeding to insist upon that right. The evidence in the ejectment suit does not appear in this record. The question of the validity of the tax deeds was not raised by the pleadings in the case. Whether it was raised by the evidence we have no means of knowing, but, whether that question was or was not raised, the judgment of the court in the ejectment suit was conclusive and was *res judicata* in the partition suit.

Counsel for the city in their brief say that "if the defendant in error, Phelps, had been satisfied to rest on his judgment for the possession in the ejectment suit he probably would have been secure, but going into a court of equity to have a cloud removed full and complete equity will be meted out." This is an admission by the city that the judgment in the ejectment suit was conclusive of the right of the city to be reimbursed under the tax deeds. The city claims, however, that the right to reimbursement therefor is on the ground that defendant in error went into a court of equity and asked for affirmative relief. In support of

this contention it is insisted that he who seeks equity must do equity; that defendant in error in the partition suit sought to have the tax deed set aside; that he asked for affirmative relief, and before he is entitled to receive it he must do equity by reimbursing the city. This equitable maxim does not permit a disregard of or a collateral attack upon a previous judgment of a court of competent jurisdiction. The effect of the maxim is that all rights of the parties to that suit shall be forever settled in that suit and that a complainant shall not be given his rights unless he also gives the defendant his rights, but where it has been previously adjudicated that the defendant had no such rights as he claims or where such rights have been barred by a prior judgment, evidence cannot be received to contradict the judgment and to try anew the question previously adjudicated. The ejectment judgment was *res judicata* as to the right of reimbursement and that question could not be raised in the partition suit.

The city complains that costs were taxed against it. The allowance of costs is discretionary. The judgment in the ejectment suit was final. The deeds, while of no force and effect as far as the legal title was concerned, were a cloud upon the title, which the defendant in error had a right to have removed. The court did not abuse its discretion in assessing the costs against the city.

We find no reversible error, and the decree will be affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*