(No. 25768.—

CLARA SKOLNIK, Appellant, *vs.* BEATRICE PETELLA, Appellee.

*Opinion filed April 15, 1941—Rehearing denied June 12, 1941.*

STONE, J., specially concurring.

GUNN, C.J., and FARTHING and WILSON, JJ., dissenting.

MAURICE H. KAMM, (IRA S. KOLB, and HAROLD J. KAMM, of counsel,) for appellant.

JOSEPH M. FIORE, (NEWELL MECARTNEY, of counsel,) for appellee.

Mr. Justice Shaw delivered the opinion of the court:

This case comes to us by appeal on certificate of importance from the Appellate Court for the First District. No fact is in controversy, all determinations in the municipal court of Chicago and in the Appellate Court having been made upon the pleadings alone. In the municipal court the defendant had judgment on motion to dismiss the amended statement of claim, and this judgment was affirmed by the Appellate Court.

In 1928, John Roloff and Ethel Roloff, his wife, were the owners of certain real estate in Cook county and on that date executed and delivered ninety bonds of various denominations evidencing an indebtedness of $45,000. To secure those bonds a trust deed was executed to the Garfield State Bank, as trustee, of even date with the bonds, which was eventually foreclosed as hereinafter stated. After the execution and delivery of these bonds and this trust deed the property, subject to the lien of the trust deed, was conveyed to one Margaret Considine and thereafter by her conveyed to Ciro Petella and Beatrice Petella, his wife. In the last mentioned deed the Petellas expressly assumed and agreed to pay the indebtedness secured by the above mentioned trust deed. The plaintiff in this case is the owner of one of the bonds so secured and the obligation of which was so assumed by the Petellas.

After the Petellas had purchased the property, and after they had made several payments on the principal and interest secured by the trust deed, a default occurred and the trustee foreclosed for the benefit of all bondholders. The Roloffs who had signed the bonds and the Petellas who had assumed their payment were made parties defendant in this foreclosure suit, and were duly served with summons. It is admitted that the court in the foreclosure suit had personal jurisdiction over them as well as over the subject matter in issue. A decree of foreclosure was entered, a sale held pursuant to that decree and, as a result of that sale, the

plaintiff in this suit, holding one of the bonds in the principal sum of $500 realized the sum of $100. Thereafter, on June 22, 1938, the circuit court of Cook county in which the foreclosure was had entered a deficiency decree against the makers of the bonds, but not against the Petellas who had assumed their payment.

This action was commenced in the municipal court against Ciro Petella and Beatrice Petella for the balance remaining unpaid on the bond held by Clara Skolnik and alleged that after giving full credit for all sums realized on the foreclosure, there remained due for principal and interest on the bond in question a sum of $610. There was a motion to strike this statement of claim setting forth the facts hereinabove disclosed and an answer to the motion to strike not questioning any of the facts, but taking the position that the foreclosure suit did not adjudicate the issues presented by this suit because, in the foreclosure proceeding, there had been no allegation either seeking or permitting any personal recovery against the Petellas, nor any allegation which would have sustained a personal judgment against them and setting forth affirmatively that Beatrice Petella was made a party to the foreclosure only for the purpose of barring her redemption rights and not to enforce any personal liability on her part by reason of the assumption agreement. Ciro Petella died pending the litigation and the cause proceeded against Beatrice alone.

It is conceded by the plaintiff "that had the pleadings in the foreclosure case alleged the fact that Beatrice Petella had, by the deed conveying the premises to her, assumed and agreed to pay the debt secured by the trust deed sought to be foreclosed, so that her personal liability was in issue, and then the foreclosure decree found the Roloffs, the mortgagors, personally liable, then, as to personal liability on the part of Beatrice Petella (the owner of the equity), the decree would have barred the instant suit." This concession is in accordance with the statutory provision (Ill. Rev. Stat. 1939, chap. 95, par. 17) giving courts of chancery the power,

in foreclosure suits, to enter personal judgments for deficiency where the persons liable have been served with summons. The point for decision is, therefore, narrowed to a determination of whether the plaintiff could take advantage of this statutory provision in part, without exercising it in full against all of the persons directly and primarily liable for the payment of the debt secured by the trust deed. Conversely, could the plaintiff take a personal judgment against a part of those personally liable and withhold action, pending further developments, against others who were likewise personally liable? Both the trial court and the Appellate Court held that all claims for personal liability were merged in the deficiency decree and that the plaintiff was without remedy in this suit.

It is apparent from the briefs on file that the difficulties in disposing of this case have arisen from a failure to distinguish between the rules applicable in a case of *res judicata* as distinguished from cases involving merely an estoppel by verdict. The appellants rely principally upon *Sawyer* v. *Nelson,* 160 Ill. 629, and, in addition thereto, cite *Young* v. *People,* 171 id. 299, 303, *People* v. *Wyanet Electric Light Co.* 306 id. 377, 383, and *Williams* v. *Williams,* 265 id. 64, 74. Each of these cases involves an application of the rules concerning estoppel by verdict and, as stated by them, the rule in such cases is as was held in *Sawyer* v. *Nelson, supra,* that judgment in a former suit operates as an estoppel only where it appears on the face of the record or by extrinsic evidence that the precise question in controversy was raised and determined in the former suit. Appellant's position would be well taken if this were a case of estoppel by verdict, but we cannot agree that it falls in that classification. It comes rather within those rules more precisely defined within the broader limits of the law pertaining to *res judicata.*

As illustrated by the cases which appellant cites, the rules of estoppel by verdict apply to some fact or issue necessarily determined by the previous litigation and make the deter-

mination of that fact or issue conclusive upon those who have once litigated it, either in the same or a different cause of action involving either the same or a different subject matter. The principles of *res judicata,* on the other hand, are limited to one cause of action concerning one subject matter, but are much broader in their scope, taking in not only all that was adjudicated in the prior action, but all that might have been. The United States Supreme Court pointed out the distinction in *Cromwell* v. *County of Sac,* 94 U. S. 352, 24 L. ed. 195, in the following language: "It should be borne in mind that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. * * * But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

The rules applicable to *res judicata* have been discussed by this court many times, as, for instance, in *Phelps* v. *City of Chicago,* 331 Ill. 80, where several other cases are cited. In that case Phelps filed a bill for partition against Wyman and made the city of Chicago a defendant for the purpose of removing certain tax deeds held by the city as a cloud on title. These tax deeds, five in number, were held by the city on account of non-payment of special assessments and bore date from 1909 to 1914. This partition suit was started in 1923, but four years prior thereto Phelps had prevailed in an action of ejectment against the city. In that eject-ment suit the city had been served with summons, had appeared and pleaded to the declaration, but had made no claim for reimbursement on account of the tax deeds in ac-

cordance. with the statutory provision in respect thereto. That act provided, in substance, that no judgment should be entered in such a case except on making reimbursement to the party holding tax deeds. (Laws of 1919, p. 762.) In the partition suit it was alleged that notwithstanding the previous judgment in ejectment the city still claimed to have an interest in the property, that the previous suit did not constitute a final adjudication and that the city still had a lien on the property because of the tax deeds. It was one prayer of the bill that the city be perpetually enjoined from claiming that the judgment in the ejectment suit was not a final adjudication of all claims of the city under the tax deeds and that the cloud created by such false claims be set aside. The question for decision, in the words of this court was, "whether the judgment in the ejectment case was *res judicata* as to the validity of the tax deeds and relieved defendant in error in the partition suit of the necessity of paying to the city the amount due thereon as a condition precedent to the entry of the decree removing the tax deeds as clouds on the title."

Without reiterating the numerous citations in that opinion we call attention to the following language which we deem pertinent to the present case: "A judgment in ejectment is conclusive against attack, either collateral or direct, as to all questions which could have been raised in the case. * * * The rule of *res judicata* embraces not only what actually was determined in the former case between the same parties or their privies, but it extends to any other matters properly involved which might have been raised or determined. * * * The rule of *res judicata,* or estoppel by judgment, where there is no want of jurisdiction, is operative whether the judgment be erroneous or not. * * * In the ejectment suit the city was served with a summons, it appeared by its attorneys and filed a plea. It had a right in that case to raise any question which the court had jurisdiction to determine. One of the questions which the court

had jurisdiction to determine was the question of the right of the city to be reimbursed in the amount due on the tax deeds. This question was not adjudicated but a judgment was entered that found that the city was guilty of unlawfully withholding from the defendant in error the possession of the premises described in the declaration and that he was the owner of the premises in fee simple absolute in his own right and was entitled to the immediate possession of the same. This judgment embraced not only what actually was determined in the ejectment suit, but it also extended to any other matter properly involved which might have been raised and determined."

*Travelers Ins. Co.* v. *Mayo,* 170 Ill. 498, was an action against Mrs. Mayo seeking to recover on a promissory note given by her and her husband, which had been secured by .mortgage in the State of Florida and which had been foreclosed leaving a deficiency. After a plea of coverture the suit was dismissed as to her husband and additional counts were filed charging her as guarantor. She then set up, by way of plea, the Florida mortgage and its foreclosure, the sale under that foreclosure, the deficiency under that sale and the fact that a judgment had been taken on that deficiency against her husband alone, notwithstanding the fact that she had been personally served with summons in that suit and that the court had jurisdiction therein to enter judgment against her. A demurrer to this plea was sustained and the plaintiff abided by its demurrer. This court sustained the trial court and Appellate Court in holding that the judgment rendered by the Florida court was a bar to the cause of action sued on, and that this was true whether she be looked upon as a joint maker or only as security for her husband. In the opinion it was pointed out that in so far as the plaintiff was concerned she occupied the position as principal and joint maker and would have been bound to answer as principal had the plaintiff so elected, and since no judgment was taken against her it would have to be pre-

sumed that the plaintiff had obtained all the relief it desired. It was said in that opinion: "The plaintiff should not be allowed 'to disturb the courts and vex the parties with many actions'."

In the case we are now considering the court, on foreclosure of the mortgage, had jurisdiction of the subject matter, with personal jurisdiction of the parties and had express statutory power to render a personal judgment against any one liable for any deficiency over whom it had personal jurisdiction. It may be that the pleadings did not raise the question of Mrs. Petella's liability for payment of the debt, but that is not decisive of the question because the pleadings were under plaintiff's control and they might have done so. In *Phelps* v. *City of Chicago, supra,* the pleadings did not raise the question of reimbursement under the tax deed but the claim was nevertheless barred because they might have done so. Piecemeal litigation is not to be permitted and neither the parties nor the courts may be twice vexed with the same cause of action.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE STONE, specially concurring:

I concur in the conclusion reached in the court's opinion, but not in parts of the reasoning upon which it is based. Beatrice Petella, the appellee, by the assumption of an agreement to pay the mortgage debt which she and her husband, now deceased, entered into, became liable to pay the sum secured by the mortgage. The Petellas were made parties defendant in the foreclosure proceeding, wherein the complaint of the trustee, acting for all bondholders, set up the assumption agreement. The Petellas were duly served with summons. Ciro Petella, appellee's husband, died pending the suit, and it was continued against appellee. When foreclosure proceedings were filed the Petellas were owners of the property subject to the mort-

508

gagee's rights. (*Rohrer* v. *Deatherage,* 336 Ill. 450.) They were by the pleadings setting up the assumption agreement alleged to be liable for the payment of the debt. Appellant's abstract does not disclose what, if any, action was sought or rights saved against appellee in the foreclosure proceeding. The complaint and decree are not abstracted. Appellant argues, however, and it is not denied, that the equity of the Petellas in the premises was foreclosed by the decree.

Section 16 of the statute on mortgages (Ill. Rev. Stat. 1939, chap. 95, par. 17, p. 2109) authorizes a judgment or decree and an execution for the recovery of any sum found due over and above the proceeds of the foreclosure sale, against those defendants personally liable for the debt, where personal service is had upon such defendants or they have entered their appearance. Appellee was personally served, and it is apparent, as a matter of law, that under the circumstances set out in the complaint she was a defendant personally liable for the debt. The deficiency decree was entered against the makers of the bonds only, and as I understand the law, the cause of action against appellee was by that means merged in the decree or judgment, and she and all others against whom no deficiency decree or judgment was taken were released. ( *State Bank of St. Charles* v. *Burr,* 375 Ill. 379; *Travelers' Ins. Co.* v. *Mayo,* 170 id. 498.) This is not, however, as I understand the rule, on the doctrine of *res judicata* or estoppel by verdict, as the court's opinion holds, but on the ground that the plaintiff, having voluntarily taken a personal judgment against one of a number of defendants, severally liable, without in any way preserving his rights against others equally liable, is presumed to be content with the judgment. If he desires to prevent this result he must take some action to rebut that presumption. If he does not, he cannot complain, since he is deemed to have obtained all relief to which equity and justice entitle him,

and other defendants liable for the debt are discharged therefrom. (*Travelers' Ins. Co.* v. *Mayo, supra; Lawrence* v. *Beecher,* 116 Ind. 312, 19 N. E. 143.) So far as the record shows the trustee took no steps to preserve his right against the appellee to later secure relief against her. The Petellas, by their assumption agreement, were liable for the debt, not as sureties but primarily, though, as pointed out in the *Mayo case,* the question whether the appellee was primarily liable or liable as surety can make no difference in the application of the rule.

Appellant argues that this rule cannot apply to him as a bondholder for the reason that he had nothing to do with the management of the proceeding wherein the deficiency decree was entered. That proceeding, as pointed out in the court's opinion, was brought by the trustee for the benefit of all the bondholders. His management of the suit was binding on the bondholders.

I am of the opinion that the cause of action against appellee was merged in the deficiency decree entered and that she was thereby released from liability.

GUNN, C.J., and FARTHING and WILSON, JJ., dissenting.