Anthony J. GASBARRA,
Plaintiff-Appellant,

v.

PARK–OHIO INDUSTRIES, INC.,
Defendant-Appellee.

No. 80–1704.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 20, 1981.

Decided July 30, 1981.

Rehearing Denied Aug. 28, 1981.

Zave H. Gussin, Chicago, Ill., for plaintiff-appellant.

Donald C. Gancer, Querry, Harrow, Gulanick & Kennedy, Ltd., Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, and FAIRCHILD, and PELL, Circuit Judges.

PELL, Circuit Judge.

The question presented by this appeal from a grant of summary judgment for the defendant is whether the plaintiff-appellant Gasbarra's claim of entitlement to certain fringe benefits of employment is barred by the judgment in a previous suit between the parties. That prior judgment determined that the defendant had wrongfully attempted to terminate the employment agreement between the parties, that the attempted termination was ineffectual, and that the defendant was liable for salary which had accrued under the contract. The United States District Court for the Northern District of Illinois determined that the appellant was not entitled to a second venture into the foraneous scene as the prior suit barred the instant diversity claim by application of the principles of res judicata. Furthermore, the court held that, in any event the asserted claim would be barred by the statute of limitations.

The plaintiff was formerly the president of a division of the defendant's predecessor. In 1970, he was removed as president, and in 1972, the defendant sought to terminate his employment entirely. The letter of termination advised the plaintiff that "your stock options and July 1, 1968, employment agreement, together with any and all benefits granted thereunder, are cancelled," and further that, "any and all payments or benefits of any kind paid or provided to you or on your behalf are likewise terminated this date." The plaintiff then brought his first suit against Park-Ohio alleging that the termination was improper and ineffective.

That suit alleged that salary and bonuses were due and owing under the agreement between the parties, and further that as an employee the plaintiff was entitled to the fringe benefits now at issue. That complaint did not include a prayer specifically requesting award of the fringe benefits, but rather concluded with a general request for such further relief as was just and equitable.

After trial the court concluded that the purported termination was ineffective, and that the contract had not been terminated.

The court entered judgment for the plaintiff in the amount of salary accrued through the date of trial, but denied both the award of bonuses and fringe benefits. The plaintiff had sought the latter in his proposed judgment, but there had been no evidence adduced at trial on those issues. The judgment was affirmed by this court on the defendant's appeal, and the plaintiff's cross-appeal from the denial of attorney's fees. The plaintiff did not appeal the court's decision denying grant of the fringe benefits. *Gasbarra v. Park-Ohio, Inc.*, 529 F.2d 529 (7th Cir. 1976) (unpublished order).

After the first trial the parties settled on the issues of salary and bonuses remaining to be paid under the contract, and in 1975 the contract was terminated in accordance with its terms. The plaintiff filed this case in 1978, claiming entitlement to non-contractual fringe benefits arising out of the employment relationship, which entitlements arose after the date of the first action and prior to the effective termination of the employment agreement. The defendant moved for summary judgment and the court granted it, holding that the complaint was barred by the judgment in the previously completed case and the applicable statute of limitations.

■ The doctrine of res judicata precludes relitigation of claims already determined by a valid and final judgment on the merits between the same parties. This doctrine of finality extends not only to those matters actually determined in the prior case, but also to matters properly involved which could have been raised in the prior suit. Thus in *Phelps v. City of Chicago*, 331 Ill. 80, 85, 162 N.E. 119 (1928), it was held that an ejectment judgment obtained against the City of Chicago precluded the city's subsequent claim for reimbursement on tax deeds which predated the judgment. In rejecting the city's attempt to obtain reimbursement the court noted that the question had not in fact been litigated in the prior suit, but that the judgment entered, "embraced not only what actually was determined in the ejectment suit, but . . . extended to any other matter properly

involved which might have been raised and determined." 331 Ill. at 86, 162 N.E. 119. The policy behind this rule is to protect defendants and the courts from a multiplicity of suits arising from the same cause of action. 1B Moore's Federal Practice ¶ 0.410[2] at 1164 (1980).

■ It is not required that the pleadings raise the question subsequently determined to be barred. In *Skolnik v. Petella*, 376 Ill. 500, 34 N.E.2d 825 (1941), the defendants, who had assumed a mortgage, had previously been named in the plaintiff's suit to recover on the mortgage, in which a deficiency judgment had been entered only against the original mortgagor. The court held that the result precluded a second suit against the mortgage assumers. The court relied on *Phelps* in concluding that the fact that the pleadings did not raise the question of the defendant's liability was not dispositive of the question "because the pleadings were under the plaintiff's control and they might have done so." 376 Ill. at 507, 34 N.E.2d 825.

■ In determining whether a second suit is engaging in such prohibited "claim splitting," courts have sought to discover whether the claims "arise out of the same basic factual situation," *Himel v. Continental Illinois National Bank*, 596 F.2d 205, 209 (7th Cir. 1979), and "whether the entire amount claimed to be due plaintiff arises out of one and the same act or contract. . . ." *Freeman & Co. v. Regan Co.*, 332 Ill.App. 637, 645, 76 N.E.2d 514 (1947).

■ We find that the instant claim for fringe benefits did arise from the same basic factual situation as the suit for salary and bonuses, and thus might and could, as we hold should, have been resolved in the first lawsuit. Both sets of claims arose from the employment relationship between the parties, and from the defendant's letter of March 6, 1972, terminating the plaintiff's employment and all rights thereunder. The presence of the references to the fringe benefits in the pleadings and the proposed judgment in the first case makes it clear both that the plaintiff was aware of his

rights at the time of the first suit, and that those rights arose from the same basic facts as the claim for salary and bonuses. At the time of the filing of the prior suit the plaintiff had a fully matured claim to the fringe benefits which depended on the same employment relationship as did the claims for salary and bonuses. His failure to establish liability in that suit precludes him from raising that issue now.

The plaintiff poses two arguments to application of the principles of res judicata. He first contends that under Illinois law a wrongfully discharged employee may choose to treat the employment contract as ongoing and in force and sue for benefits accrued under the contract either at the end of the term, or from time to time as they accrue. The plaintiff relies on *Mount Hope Cemetery Association v. Weidenmann*, 139 Ill. 67, 28 N.E. 834 (1891); *Hamlin, Hale & Co. v. Race*, 78 Ill. 422 (1875); and *Corby v. Seventy-One Hundred Jeffery Avenue Bldg. Corp.*, 325 Ill.App. 442, 60 N.E.2d 236 (1945), to establish this doctrine of "election of remedies." *Contra, Doherty v. Schipper & Block*, 250 Ill. 128, 95 N.E. 74 (1911).

In each of the cases cited by the plaintiff, Illinois courts have stated that when an employee claiming wrongful discharge sues his employer on a theory that the employment contract was still in force, damages were limited to the date of the trial. The courts ruled that a separate action would have to be brought for subsequently accruing damages. However, in *Doherty v. Schipper & Block*, 250 Ill. 128, 95 N.E. 74 (1911), the Illinois Supreme Court rejected such application of the *Hamlin* and *Mount Hope* rule, and held that the only action lying for such wrongful discharge was for breach of contract, and "that all damages resulting from such breach must be recovered in one action, and that after one recovery has been had that recovery is a bar to all future actions based upon the contract of employment or growing out of the relation of employer and employee by reason of the wrongful discharge of appellant." 250 Ill. at 134, 95 N.E. 74. The plaintiff contends that *Doherty* was wrongly decided, and cites subsequent Illinois appellate cases following the prior rule as evidence thereof.

As the trial court properly noted, we are bound in a diversity case by the law of Illinois as expressed by its highest court. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Angel v. Bullington*, 330 U.S. 183, 191, 67 S.Ct. 657, 661, 91 L.Ed. 832 (1947); see *Watts v. IBM Corp.*, 341 F.Supp. 760, 761 (E.D.Wis.1972).

We need not, however, resolve the question of which line of cases is the more appropriate expression of the law of Illinois, as we do not believe they require a conflicting result in the present case. In each of the three cases relied upon by the plaintiff, the matter before the court was not the question of the res judicata effect of a prior judgment, but rather the measure of damages in a suit for wrongful termination of employment. *Hamlin*, 78 Ill. at 423; *Mount Hope*, 139 Ill. at 76, 80, 28 N.E. 834; *Corby*, 325 Ill.App. at 455, 60 N.E.2d 236. Thus the election of remedies theory argued for by the plaintiff would do no more than permit a wrongfully discharged employee to recover in installments over the term of the contract on the liability established between the parties in the first suit. While *Doherty* suggests some limitation on the scope of a plaintiff's recovery under such a theory, no case permits enlargement of the scope of a plaintiff's recovery in a prior suit to include items for which suit should have been brought in the prior action but was not. Action on such claims is completely barred. See *People v. Kidd*, 398 Ill. 405, 408–09, 75 N.E.2d 851 (1947); *Skolnik*, 376 Ill. at 507, 34 N.E.2d 825; *Phelps*, 331 Ill. at 85, 162 N.E. 119.

We are similarly unpersuaded by the plaintiff's second contention, that the present claims could not have been presented because they were not in existence when the first suit was filed. Because a judgment cannot take effect on rights not yet existing, plaintiff contends, a recovery for installments due is not a bar to suit for subsequently accruing installments. *Greenwald v. Ruby*, 178 Ill.App. 415, 418 (1913); see *Deke v. Huenkemeier*, 289 Ill. 148, 154, 124 N.E. 381 (1919).

This theory confuses the issues of liability and damages, just as does the plaintiff's first contention of error. While the individ-

ual items of damages may not have yet accrued at the filing of the first suit, the question of the defendant's liability for the fringe benefits had clearly accrued and was ripe for decision, as is evidenced by the inclusion of the claim for fringe benefits in the allegations and proposed judgment in the first suit. The question could have been resolved either by declaratory and injunctive relief or by a determination of liability which would have been res judicata in suits for future installments.

In light of our finding that this suit is barred by application of the principles of res judicata, we need not reach the question whether this action is barred by the applicable statute of limitations.

We have examined the other arguments in the plaintiff's brief and find them similarly unavailing. For all the foregoing reasons, the grant of summary judgment is affirmed.