**In re Thomas McNABOLA, Debtor.**

**NORMAN KERN & COMPANY, Plaintiff,**

v.

**Thomas McNABOLA, Defendant.**

**Bankruptcy Nos. 83 B 4919, 83 A 1987.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Oct. 15, 1984.

Joel M. Carlins, Ltd., Chicago, Ill., for debtor.

Ralph A. Mantynband, Arvey, Hodes, Costello & Burman, Chicago, Ill., for Norman Kern & Co.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

At issue in this matter is the *res judicata* effect of a certain order entered by the Circuit Court of Cook County, which order was premised upon an award by a Board of Arbitrators of the Chicago Board of Trade. The plaintiff in the present adversary proceeding ("Kern") argues that the order in question should be *res judicata* as to the amount of the judgment contained therein and that that amount is nondischargeable in bankruptcy.

### FACTS

The debtor herein, ("McNabola"), who traded in commodities, had entered into a customer's agreement with Kern under which Kern was to cover trading losses incurred by McNabola. Pursuant to that agreement, McNabola was to turn in all trading cards at the end of each day's trading. On one occasion, McNabola failed to do so. Kern had to cover McNabola's trading losses. That conduct was the subject of an arbitration proceeding. Subsequent to the entry of the arbitration award, Kern sought to enforce that award in the Circuit Court of Cook County. Having heard arguments of counsel, the Circuit Court entered an order which provided in relevant part:

3. The court finds that the defendant, Thomas McNabola, had a legal duty to the plaintiff, Norman Kern & Company, to deliver certain trading cards to Norman Kern & Company promptly after the close of trading on the day the trades were made. The defendant breached this said duty by willfully withholding a trading card from respondent with the intent to deceive respondent. That such conduct resulted in a loss of $73,375.00 to Norman Kern & Company.

4. The court finds further that the defendant, Thomas McNabola, is indebted to the plaintiff in the total sum of $94,356.57 plus the arbitration fee of $100.00 paid to the Chicago Board of Trade.

The issue presently before the court is whether the order of the Circuit Court of

Cook County approving an award by the Board of Arbitrators is to be given the same *res judicata* effects as any other order issued by that court.

## DISCUSSION

 The doctrine of *res judicata* states that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) *citing Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Gasbarra v. Park-Ohio Industries, Inc.*, 655 F.2d 119, 121 (7th cir.1981). The doctrine bars relitigation of all grounds for or defenses to recovery, which were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Id.* Thus *res judicata* encourages reliance on judicial decisions, bars vexatious litigation and frees the courts to resolve other disputes. *Id.*

 Where parties have been represented in previous proceedings, have had an opportunity to raise claims and defenses, and a court of competent jurisdiction renders findings regarding conduct and enters a final judgment premised upon those findings, the parties are barred by *res judicata* from relitigating issues involving conduct which formed the basis for the prior judgment. Moreover, a judgment approving an arbitration award which was entered after hearing should be accorded the same finality as any other judgment properly entered. *Rosee v. Board of Trade*, 43 Ill. App.3d 203, 239, 1 Ill.Dec. 730, 356 N.E.2d 1012 (1976).

 The debtor in this matter has argued that the arbitrator's award contained findings unnecessary to the award and broader than the arbitration submission, that the award should be vacated, and has cited several cases in support of that proposition. *Buntain v. Curtis*, 27 Ill. 374 (1862); *Stearns v. Cope*, 109 Ill. 340 (1884); *Tucker v. Page*, 69 Ill. 179 (1873), *Whetstone v. Thomas*, 25 Ill. 319 (1861). The court has no quarrel with the proposition for which those cases stand. However, the

argument misses the point. At the Circuit Court proceeding to determine whether to approve the arbitration award, the debtor had the opportunity to raise that point. The Circuit Court nevertheless entered the order which contained findings of fact. The doctrine of *res judicata* bars the parties from relitigating those factual issues of conduct or the validity of the arbitration proceeding before this court. At the Circuit Court proceeding to approve the arbitration award, McNabola had the opportunity to argue that the findings of the arbitration Board exceeded the scope of the submission and that the award was invalid. That point was either ruled upon in the Circuit Court proceeding or should have been raised there, but was not. In either instance, the facts present exactly the sort of situation to which *res judicata* is applicable.

Moreover, the Circuit Court of Cook County was a court of competent jurisdiction to pass upon the approval of the award. Ill.Stat.Ann. ch. 10, § 114 (Smith-Hurd 1983). No objection to jurisdiction has ever been raised. Therefore, *res judicata* is not precluded from applying on those grounds.

McNabola also argues that the award was void on its face and should, therefore, be vacated by this court. Again, the argument misses the point that the Circuit Court of Cook County was the appropriate forum in which to raise that question. This court is obligated to give *res judicata* effect to the judgment of the Circuit Court insofar as concerns the finding that the arbitration award and findings contained therein are valid.

The Circuit Court judgment approving the arbitration award is as final as any other judgment of that court. *Birge-Forbes Co. v. Heye*, 251 U.S. 317, 40 S.Ct. 160, 64 L.Ed. 286 (1920). The relevant inquiry here is whether the Circuit Court judgment was conclusive as to the validity of the award. *Id.* at 322, 40 S.Ct. at 160. The Circuit Court order clearly passed upon the validity of the arbitration award. Additionally, the Uniform Arbitration Act, Ill.Rev.Stat. ch. 10, § 101, *et seq.*, provides that "[u]pon the granting of an order con-

firming, modifying or correcting an award, judgment shall be entered in conformity therewith and shall be enforced as any other judgment." *Id.* at § 114.

In the present case, the parties are precluded by the doctrine of *res judicata* from relitigating the findings and validity of the arbitrator's award. The appropriate forum for doing so was the Circuit Court of Cook County. The debtor was represented by counsel who presented arguments in that proceeding. The Circuit Court of Cook County was a court of competent jurisdiction to rule upon the validity of the arbitrator's award. That court's order clearly determined the award to be valid and entered findings and judgment in accordance with that determination. This court may not inquire into the validity of the arbitration award.

This matter is hereby set for status on November 19, 1984 at 10:00 a.m. for the purpose of scheduling further proceedings to determine whether the debt established by the arbitration award is nondischargeable upon principles of collateral estoppel, the requirements for which have been enunciated by this court in *In re Wade,* 26 B.R. 477 (Bankr.N.D.Ill.1983).